UNITED STATES, Appellee

v

MARTIN MAYVILLE, JR., Corporal,
U. S. Marine Corps, Appellant

15 USCMA 420, 35 CMR 392

No. 18,308

June 4, 1965

*Major Brian B. Kent,* USMC, argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Charles B. Sevier,* USMC, and *Lieutenant William H. M. Morton,* USNR.

*Lieutenant Colonel J. M. Detrio,* USMCR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant H. D. Campbell,* USNR.

## Opinion of the Court

QUINN, Chief Judge:

The accused stands convicted of five specifications of assault and battery, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. His sentence includes a suspended bad-conduct discharge. On this appeal, he challenges the correctness of the trial instructions as to two of the offenses.

According to the evidence, the accused was a troop leader of trainees. After spending some time drinking at the enlisted men's club, he returned to the Company office. Private Dennis W. Albro came into the office while the accused was there. The accused asked him about a cut on his hand. Albro informed the accused the injury was inflicted when "someone hit . . . [him] with a bottle when . . . on liberty." The accused inquired whether Albro had struck back. Albro told him he had done nothing because there were eight or ten persons present when he was hit. The accused hit Albro in the stomach, and again asked why he had not struck at his assailants. Albro replied: " 'No excuse, sir.' " Thereupon, the accused ordered Albro to line up all the trainees in the area and have them enter the office singly. He instructed Albro to kick "anybody [who] didn't get in fast enough." Albro obeyed the order to line up the persons in the area, but he did nothing to speed the entry of the first two or three into the office. The next one was unlucky. The accused specifically directed Albro to kick him; so Albro "kicked him all the way up to the desk." Another trainee was similarly unfortunate. When he came into the office, the accused asked him why his boots were

**421**

not shined. Informed they would be shined as soon as possible, the accused directed Albro to administer a kick in "the rear." The procedure was repeated when the accused saw the trainee's unwashed belt.

Two Government witnesses testified the accused was "moderately" intoxicated, but "appear[ed] to know what he was doing." A third witness said the accused was "highly intoxicated" but, except for some stuttering, his speech was well organized and he was "able to stand on his own two feet." In his behalf, the accused testified that during the day he had had "quite a bit more than usual" to drink. The "next thing" he remembered was "chewing one of the trainees out" in the Company office. He did not recall striking anyone; but he was later informed he had "maltreated some trainees." Finally, as part of the defense case, it was stipulated that if the Base psychiatrist was called as a witness he would testify that, in his opinion, the accused was able to distinguish right from wrong, but was limited in his ability to adhere to the right because of his "emotionally unstable personality and alcohol ingestion."

Voluntary drunkenness does not excuse a wrongdoer from liability for a criminal act, unless it results in a total lack of mental responsibility to commit the offense charged, or in the inability to form a specific intent, or to know a fact essential to the offense. United States v Oisten, 13 USCMA 656, 33 CMR 188. The evidence does not indicate, and the accused does not contend, that the degree of his intoxication was such as to require an instruction on his ability to know right from wrong or his ability to adhere to the right. Assault and battery of the kind the accused stands convicted does not require a specific state of mind; nor does it require the accused to know the status or particular position of the victim. Cf. United States v Oisten, supra. It is, therefore, described as an offense requiring only a general criminal intent. See United States v Singletary, 14 USCMA 146, 150, 33 CMR 358. Consequently,

had the accused himself kicked the victims his intoxication would not have had any bearing on any issue of fact and no instruction on the effect of intoxication would have been necessary. United States v Backley, 2 USCMA 496, 9 CMR 126. However, since he was not the actual perpetrator of the assaults, the accused contends he was merely an aider and abettor, and the Government, therefore, was required to show he had "the ability . . . to form a specific intent" to aid or encourage Albro in the commission of the offenses.

To support his contention that intoxication may affect the particular state of mind required of an aider and abettor, the accused relies upon statements in a number of opinions by this Court which refer to the mental attitude required for conviction of an aider and abettor. For example, in United States v Jackson, 6 USCMA 193, 202, 19 CMR 319, we noted that mere presence at the scene of a crime is not enough to constitute one an aider and abettor; it must also be shown beyond a reasonable doubt that he had a "conscious sharing of . . . [the perpetrator's] criminal intent." See also United States v McCarthy, 11 USCMA 758, 29 CMR 574. Logically, there may be merit in the argument that a person can be so intoxicated as to be unable to form the conscious purpose or desire to help or encourage another to commit any act, without regard to whether the act is an offense requiring a specific or general intent. In other words, there may be a state of mind incident to helping or encouraging another that can perhaps be affected by intoxication, in that the accused might not have "the capacity to act knowingly." 1 Wharton, Criminal Law and Procedure, § 44, at page 104 (1957). We need not, however, explore the problem. The accused was not charged with aiding and abetting Albro to commit the offenses; rather, he was charged with ordering Albro to commit the assaults.

Article 77(2) of the Code, supra, 10 USC § 877, provides that one who "causes an act to be done which if directly performed by him would be punishable" by the Uniform Code is a principal to the offense. The Code rec-

422

ognizes that criminal liability is the same whether the offense is personally committed by the accused or whether it is committed by another acting at the accused's command. In either instance, the accused's state of mind is the same. It follows that, if intoxication is not a relevant fact when the accused commits the offense personally, it is equally irrelevant when he commits the offense through the agency of another.

We pointed out earlier that had the accused himself committed the offenses in issue no instruction on the effect of intoxication would have been required. It was, therefore, not required by the fact that he committed the offenses through the agency of Albro.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.