UNITED STATES, Appellee

v

CARVELL A. FERGUSON, JR., Specialist Four, U. S. Army, Appellant

17 USCMA 441, 38 CMR 239

No. 20,608

March 22, 1968

*Captain Thomas D. Wise* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Captain Anthony F. Cilluffo*, and *Captain John Kagel*.

*Captain Harvey L. Anderson* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick* and *Major John F. Webb, Jr.*

## Opinion of the Court

QUINN, Chief Judge:

The accused was brought to trial before a general court-martial in Vietnam on a charge of premeditated murder, in violation of Article 118, Uniform Code of Military Justice, 10 USC § 918. He was convicted of unpremeditated murder, and sentenced to a dishonorable discharge, confinement at hard labor for twelve years, and accessory punishments. Intermediate appellate authorities affirmed the findings of guilty and the sentence. On this appeal, the accused contends the law officer erred to his prejudice by instructing the court members that "voluntary intoxication is not a defense to unpremeditated murder and voluntary intoxication will not reduce unpremeditated murder to a lesser degree of homicide."

In the early common law, drunkenness did not palliate a criminal act. See United States v Oisten, 13 USCMA 656, 658, 33 CMR 188. Modern criminal law, however, has substantially moderated this strict rule by recognizing that intoxication may affect the individual's capacity for rational thought and action. To the extent that intoxication destroys the ability to distinguish right from wrong, or to adhere to the right, it absolves the individual from all accountability for an act which would otherwise be criminally punishable. United States v Marriott, 4 USCMA 390, 15 CMR 390; cf. United States v Shaw, 13 USCMA 144, 32 CMR 144. Intoxication which produces less than total mental impairment also has recognized legal consequences. If the degree of intoxication is such as to prevent the formation of the particular intent requisite to a specified crime, the accused may not be responsible for that offense, but only for a lesser offense included within it which does not require the specified intent. United States v Backley, 2 USCMA 496, 9 CMR 126. See also United States v Oisten, supra. How-

ever, where the accused has taken the life of another while under the influence of drink, even the more moderate modern law will not allow the state of his voluntary intoxication by itself to reduce the degree of the crime from murder to a lesser degree of homicide. United States v Craig, 2 USCMA 650, 659, 10 CMR 148.

In the early case of United States v Roman, 1 USCMA 244, 2 CMR 150, we reviewed the effect of voluntary intoxication in a prosecution for premeditated murder. That case was brought under the provisions of Article of War 92, 10 USC (1946 ed) § 1564. We determined that both the Federal civilian cases and the military precedents allowed consideration of evidence of intoxication to determine whether the accused could "premeditate over the intent to kill," but they did not allow such evidence to "reduce unpremeditated murder to manslaughter." United States v Roman, supra, at page 251. Later, we dealt with the same question in a prosecution under Article 118 of the Code, supra. The legislative background of the Code convinced us that "Congress did not intend to change substantially the elements making up the crimes of murder" under the Articles of War. As a result, we concluded that the limited extent to which intoxication could mitigate murder under the Articles of War had not been altered by the Code. United States v Craig, supra, at page 658. We consistently adhered to that view. See United States v Stokes, 6 USCMA 65, 19 CMR 191; United States v Morphis, 7 USCMA 748, 23 CMR 212; United States v Judkins, 14 USCMA 452, 34 CMR 232. Cf. United States v Taylor, 16 USCMA 489, 37 CMR 109.

Appellate defense counsel acknowledge the long line of cases that sustains the instruction in this case. However, they contend it has been overturned by two recent cases in this Court dealing with the state of mind required for conviction for unpremeditated murder. These cases are United States v Thomas, 17 USCMA 103, 37 CMR 367; United States v Mathis, 17 USCMA 205, 38 CMR 3. Neither supports the argument.

We held in Thomas and Mathis that it may be misleading and, therefore, improper to instruct the court-martial that the state of mind described in Article 118 as "intends to kill or inflict great bodily harm" is " 'not a specific intent, but a general criminal intent.' " As we pointed out in the Thomas case, the particular state of mind specified by Article 118 must be found beyond a reasonable doubt to support a conviction for unpremeditated murder. None of the separate opinions in Thomas and Mathis repudiated the established doctrine that "standing alone, evidence of intoxication would not reduce an act of unpremeditated murder to manslaughter." United States v Thomas, supra, at page 107; see also Judge Ferguson's opinion at page 108. It may be, as Judge Brosman remarked in the Stokes case, at page 71, that it is "no more than fictive" to say that thorough intoxication does not affect the particular state of mind required for unpremeditated murder, but military law is "committed to this legal fiction," which "accords happily with the common law." See also United States v Judkins, supra, at pages 459–460.

The decision of the board of review is affirmed.

Judge KILDAY concurs.

FERGUSON, Judge (concurring in the result) :

I concur in the result.

As we have many times noted, voluntary intoxication may be a defense to an offense involving either specific intent or knowledge as an element. As we have long held, however, unpremeditated murder, though it involves the specific intent to kill or inflict grievous bodily harm, stands by itself in this area, and voluntary intoxication not amounting to legal insanity is not a defense thereto. United States v Roman, 1 USCMA 244, 2 CMR 150; United States v Craig, 2 USCMA 650, 10 CMR 148; United States v Stokes, 6 USCMA 65, 19 CMR 191;

United States v Morphis, 7 USCMA 748, 23 CMR 212.

Accordingly, while I disagree with some of the language of the principal opinion, I concur in its ultimate holding that voluntary drunkenness is not a defense to unpremeditated murder.