## UNITED STATES

### v.

Private (E–2) Charles W. TROWER, 564–94–4721, US Army, 15th Transportation Truck Company, Special Troops Battalion (Provisional), APO 09107.

### CM 432826.

U. S. Army Court of Military Review.

Sentence Adjudged 21 Nov. 1974.

Decided 12 Jan. 1976.

---

* Defense counsel in the field should review Appendix D, AR 27–10, particularly where dealing

Appearances: Appellate counsel for the Accused: CPT Leslie Wm. Adams, JAGC; CPT Anthony J. Siano, JAGC; COL Alton H. Harvey, JAGC. Appellate counsel for the United States: CPT Richard S. Kleager, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

MOUNTS, Judge:

### Case Summary

The accused, contrary to his plea, was convicted of unpremeditated murder in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918. The approved sentence is set out above. The facts which give rise to the major issue for decision can be found by reciting pertinent quotes from the record:

"Military Judge: Well, the law is clear in this area in the military, Mr. Perry, that voluntary intoxication, no matter how severe, unless it amounts to insanity, will not reduce unpremeditated murder to any lesser crime, and this is because the military courts have held that unpremeditated murder does not involve any specific intent. Unpremeditated murder is a general intent crime. All that is required is a general criminal intent, and I realize that some jurisdictions have different laws in this area, but in the military, unpremeditated murder has the same standard as simple assault.

Individual Defense Counsel: If I may, just for the record, I would like to submit a proposed instruction on diminished capacity.

Military Judge: Diminished capacity—if you will, voluntary intoxication—on the issue of diminished capacity, would be appropriate in the event of conviction as to matters in extenuation and mitigation on sentence, but the point I make is, no matter how diminished the accused's capacity was, if he was not legally insane, he is responsible for unpremeditated murder.

---

with assignment of counsel for limited periods or purposes.

Individual Defense Counsel: I appreciate your honor's comment. This is a rule. But merely for the record, I would like to submit this. . . ."

*Issue*

Appellate defense counsel alleges that the military judge erred in denying the requested instruction based on diminished capacity due to voluntary intoxication since the ruling is based upon a legal fiction.

*Decision*

Under current military law the military judge was correct in denying the defense counsel's requested instruction on diminished capacity.[1] The United States Court of Military Appeals has stated that it is "no more than fictive" to say that voluntary intoxication does not affect the particular state of mind required for unpremeditated murder but military law is committed to this legal fiction.[2]

Is military law indeed committed to a legal fiction? In dealing with crimes such as larceny, which require a specific intent, military law permits voluntary drunkenness to be used to negate the required specific intent.[3] In order to establish the offense of unpremeditated murder the Government must establish that at the time of the killing, the accused had an intent to kill or inflict great bodily harm. But, this necessary element of the crime of unpremeditated murder is not considered to require a specific intent insofar as a possible defense of voluntary intoxication is concerned. On the surface, the law does indeed appear to be dealing in a fiction similar to the old common law form of action wherein the allegation of the loss of certain goods by the plaintiff and the finding of them by the defendant was merely fictitious.[4] Reliance on such fictions in the civil law does a

disservice to the law and erodes respect for the law in the eyes of the general public. Reliance on fictions, however, is even more of a challenge to respect and confidence in the law when done in the area of the criminal law with its direct impact on a person's very life and liberty. The criminal law system should not simply excuse this result, no matter how laudatory, by hurried flight to a justification for the result under the theory of a common law fiction. The public can expect more from the procedural processes of its criminal law.

The denial of the defense of voluntary intoxication in an unpremeditated murder offense is not a fiction. It is a pragmatic recognition in the law of the need for stronger safeguards to the general safety of the community for the crime of murder when compared with crimes of lesser impact on the community safety such as larceny. The sanctity of human life and its continued preservation by the state from violent fatal harm is the keystone of any enlightened society's criminal law system. In recognition of this basic element of the social contract, legislators continually grade crimes not only to determine the proper degree of punishment but also to decide the statutory elements required to make a given set of acts a crime. In making these decisions, it is necessary to consider the societal need for adequate protection against crimes involving homicide as one of the most basic and important needs. This need is balanced against the jurisprudence of excusing a person from the consequences of certain acts due to voluntary intoxication. The law has still not reached total agreement as to the legal effects of intoxication. In *Powell v. Texas*,[5] the United States Supreme Court acknowledged the difficulty of finding medical certainty in

---

1. *United States v. Ferguson*, 17 U.S.C.M.A. 441, 38 C.M.R. 239 (1968).

2. *United States v. Stokes*, 6 U.S.C.M.A. 65, 19 C.M.R. 191 (1955).

3. *United States v. Marriott*, 4 U.S.C.M.A. 390, 15 C.M.R. 390 (1954).

4. Trover.

5. 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968).

dealing with alcoholism and its effects.[6] Under such circumstances it should not be surprising to find legislators and courts reticent to excuse unpremeditated murder due to voluntary intoxication. Most legislators apparently feel that there is sufficient evidence as to the effects of alcohol to permit voluntary ingestion to be a defense to a crime against property such as larceny. A doubt as to the effects of alcohol in this area of lesser offenses or offenses against property, when resolved in favor of the accused, does not cut to the most basic need for societal protection and can be tolerated by the society without serious challenge to the underlying basic need of the social contract. Doubt as to the effects of alcoholism can not, however, be resolved in favor of the accused for the offense of unpremeditated murder. This offense goes to the very basic need for protection in our society. Here the doubt is resolved in favor of an attempt to control the drinker and we, therefore, condemn the consequences of the act, regardless of a state of voluntary intoxication. Since the intoxication is in fact voluntary, society expects or at least hopes that the accused will not place himself in the condition where he may commit unpremeditated murder, but if he does, he does so at his own risk. Thus society, perhaps not effectively, but nevertheless in a very pragmatic manner warns the alcoholic drinkers that only some but not all of their acts, may be excused due to voluntary intoxication and subsequent loss of the ability to form a specific intent. Such a result is salutary and in keeping with the precepts of an enlightened society's concern with due process. It is not, however, a fiction; it is the reasoned recognition under law of the predominate need for the safety of our society when judging the "free will" legal aspects of intent to kill in the offense of unpremeditated murder.

The appellant's defense counsel also alleges that the military judge erred by denying defense counsel's motion to suppress certain anticipated testimony. This Court finds that the judge properly ruled in denying this motion.

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge CARNE and Judge MITCHELL concur.

# UNITED STATES

---

6. In *Powell, supra*, the United States Supreme Court stated:

"It is one thing to say that if a man is deprived of alcohol his hands will begin to shake, he will suffer agonizing pains and ultimately he will have hallucinations; it is quite another to say that a man has a 'compulsion' to take a drink, but that he also retains a certain amount of 'free will' with which to resist. It is simply impossible in the present state of our knowledge, to ascribe a useful meaning to the latter statement. This definitional confusion reflects of course, not merely the undeveloped state of the psychiatric art but also the conceptual difficulties inevitably attendant upon the importation of scientific and medical models into a legal system generally predicated upon a different set of assumptions. . . ."