UNITED STATES, Appellee,

v.

Gregory A. THOMSON, Private First Class, U. S. Army, Appellant.

No. 32,375.
CM 433283.

U. S. Court of Military Appeals.

Aug. 8, 1977.

*Captain Michael P. La Haye* argued the cause for Appellant, Accused. With him on the briefs were *Lieutenant Colonel John R. Thornock, Major Joe D. Miller,* and *Captain Lawrence E. Wzorek.*

*Captain Michael J. Hurley* argued the cause for Appellee, United States. With him on the briefs were *Colonel Thomas H. Davis, Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Major Steven M. Werner, Captain Lee D. Schinasi, Captain John F. DePue,* and *Captain Gay M. Holmes.*

Opinion of the Court

COOK, Judge:

Contrary to his pleas, the appellant was convicted of robbery by general court-martial consisting of military judge alone, in violation of Article 122, Uniform Code of Military Justice, 10 U.S.C. § 922. We granted review to determine whether the military judge abused his discretion by denying a defense request for a continuance.

The facts giving rise to the granted issue are not in dispute. On December 23, 1974, trial defense counsel forwarded a request for a psychiatric evaluation of the appellant to trial counsel's office. However, due to an oversight, trial counsel was not informed of the request until January 20, 1975. On this date, he concurred with the defense counsel and also requested a psychiatric evaluation of the appellant. Trial counsel's request was forwarded to the Chief of Post Mental Hygiene, Fort Dix, New Jersey.

█ Appellant's trial commenced on January 25, 1975. At the appropriate time, defense counsel noted that appellant had been examined by a psychologist rather than a psychiatrist, and he moved for a continuance to obtain an examination of the appellant by a psychiatrist. The parties at trial did not clearly articulate as to whether only a motion for a continuance was involved, or whether the defense was seeking a court-ordered psychiatric examination. A motion at trial is judged by its substance rather than its form. *See United States v. Swift,* 17 U.S.C.M.A. 227, 233, 38 C.M.R. 25, 31 (1967). While normally there are significant distinctions involved, such distinctions

are irrelevant in view of the disposition we order today. Accordingly, we proceed on the basis that only a motion for a continuance was raised before the military judge.

Prior to ruling on the motion, the judge called the examining psychologist as a witness. After reviewing his qualifications as a clinical psychologist and noting that he had examined the appellant on the day of trial, he testified as follows:

A. It is my opinion that the defendant is competent to stand trial and cooperate intelligently in his own defense. However, I do not feel I am able to render a valid opinion regarding whether the defendant was mentally competent at the time of the alleged offense. Specifically, what I mean by that is there is an issue of the defendant's using drugs every day, a number of different drugs, for a substantial period prior to the incident.

Q. Are you talking about a physiological condition as opposed to a psychological condition?

A. Partly psychological and partly medical problem that requires the expertise of a medical officer. That is, I don't believe I am competent to render a valid opinion regarding the possible influence of that amount of drug use on the defendant's mental capacity at the time.[1]

He further observed that there was a qualified psychiatrist available at the Mental Hygiene Clinic and three other psychiatrists were assigned to Fort Dix.

The military judge denied the motion for a continuance. Subsequently, the defense called the appellant's accomplice as a witness. He testified that he and the appellant ingested substantial quantities of alcohol and marihuana immediately prior to the incident. Additionally, he observed that appellant displayed the physical characteristics of the ingestion of lysergic acid diethylamide (LSD). The witness had observed the appellant ingest such a drug on previous occasions, although he did not actually observe the appellant ingest LSD on the

---

1. We need not decide now whether the psychologist in question was qualified to testify on the issue of insanity. *See United States v. Fields,* 3 M.J. 27 (C.M.A.1977).

day in question. On the basis of the aforementioned testimony, the defense counsel renewed his motion, which was again denied by the military judge.

■ The issue of whether a continuance should be granted is a matter resting within the sound discretion of the military judge, but his ruling on the matter is subject to review for an abuse of such discretion. *United States v. Dunks*, 1 M.J. 254 (1976); *Conmy v. United States*, 20 U.S.C.M.A. 282, 43 C.M.R. 122 (1971). *See United States v. Barfield*, 22 U.S.C.M.A. 321, 46 C.M.R. 321 (1973).

■ Government counsel correctly observe that voluntary intoxication, even when combined with an existing mental condition, does not raise an issue of insanity if the mental condition alone is insufficient to raise such an issue. *United States v. Triplett*, 21 U.S.C.M.A. 497, 45 C.M.R. 271 (1972); *United States v. Hernandez*, 20 U.S.C.M.A. 219, 43 C.M.R. 59 (1970). This is subject to the proviso that the consistent use of an intoxicant can itself cause a mental disease. *See United States v. Marriott*, 4 U.S.C.M.A. 390, 15 C.M.R. 390 (1954). However, robbery is a specific-intent crime, and a mental impairment short of legal insanity is relevant in determining the appellant's ability to form the requisite intent. *United States v. Burns*, 5 U.S.C.M.A. 707, 19 C.M.R. 3 (1955); *United States v. Carver*, 6 U.S.C.M.A. 258, 19 C.M.R. 384 (1955). *See United States v. King*, 10 U.S.C.M.A. 465, 28 C.M.R. 31 (1959). Furthermore, voluntary intoxication may negate a specific intent. *United States v. Mayville*, 15 U.S.C.M.A. 420, 35 C.M.R. 392 (1965); *United States v. Oisten*, 13 U.S.C.M.A. 656, 33 C.M.R. 188 (1963).

■ In the present case, there was evidence presented that appellant was intoxicated at the time of the offense.[2] The examining psychologist candidly admitted that he was incapable of evaluating the effect of the appellant's use of drugs upon his mental processes. Accordingly, an issue as to appellant's ability to form the specific intent required for the offense of robbery was reasonably raised by the evidence, but the military judge rejected the defense motion for a continuance to obtain further evidence in support of the issue. As previously noted, the appellant was examined on the day of trial. Because trial counsel had previously concurred with the defense request of December 23, 1974, for a psychiatric examination, defense counsel reasonably concluded that appellant would receive such an examination up through the day of trial. Therefore, the defense cannot be faulted for waiting until the trial began to raise the issue.

The present case is clearly distinguishable from those cases where an issue of mental responsibility either was not raised, or other expert testimony was available to the accused. *Compare United States v. Swift, supra; United States v. Borsella*, 11 U.S.C.M.A. 80, 28 C.M.R. 304 (1959); *United States v. Frye*, 8 U.S.C.M.A. 137, 23 C.M.R. 361 (1957); *United States v. Schick*, 7 U.S.C.M.A. 419, 22 C.M.R. 209 (1956); *United States v. Nichols*, 2 U.S.C.M.A. 27, 6 C.M.R. 27 (1952). As in *United States v. Barfield, supra*, we hold that the military judge abused his discretion by denying the motion for a continuance.

There has been no offer of proof as to whether a psychiatric examination would have produced favorable evidence for the appellant. I would return the record of trial to the Court of Military Review for the purpose of obtaining a psychiatric examination of the accused as a basis for further consideration of appellant's entitlement to a rehearing. However, my Brothers are of the opinion that psychiatrists cannot reach their conclusion to answer the question of criminal responsibility at a time certain in a vacuum, but must rely upon the history supplied both by the person examined and others; if that history is faulty, then the

---

2. This evidence reflected that such intoxication was the result of the ingestion of both alcohol and drugs; however, we perceive no distinction between alcohol and drug intoxication. *See United States v. Garcia*, 41 C.M.R. 638 (A.C.M.R.1969).

credibility of the conclusion of the psychiatrists may be faulty and must be tested. They conclude that this can only be done through other witnesses, and, consequently, a rehearing is required.

Accordingly, the decision of the Court of Military Review is reversed, and the findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Chief Judge FLETCHER, and Judge PERRY concur.