UNITED STATES, Appellee,

v.

Ruben SANTIAGO–VARGAS, Private First Class, United States Army, Appellant.

No. 34,445.

CM 435232.

U. S. Court of Military Appeals.

May 8, 1978.

*Colonel Robert B. Clarke, Lieutenant Colonel John R. Thornock,* and *Captain Larry D. Anderson* were on the pleadings for Appellant, Accused.

*Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Captain Laurence M. Huffman,* and *Captain David P. Saxon* were on the pleadings for Appellee, United States.

### Opinion of the Court

COOK, Judge:

Appellant was tried by a general court-martial consisting of a military judge alone for assault with intent to commit murder, attempted murder, and escape from lawful custody, in violation of Articles 134, 80, and 95, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 880, and 895, respectively. The offense of attempted murder was dismissed by the military judge and appellant was found not guilty of escape from lawful custody. However, as to the remaining offense, the appellant, contrary to his pleas, was found guilty of the lesser included offense of assault with a means likely to produce grievous bodily harm, in violation of Article 128, UCMJ, 10 U.S.C. § 928. We granted review to consider whether he was prejudiced by the failure of the trial court to apply the standard of mental responsibility set forth in *United States v. Frederick,* 3 M.J. 230 (C.M.A.1977).

Several witnesses testified that appellant appeared to be intoxicated immediately before the offense, and the victim testified he had earlier removed him from his duty assignment because he was intoxicated. Ap-

pellant attacked the victim and stabbed him three times with an ice pick. Both before and after the attack he had asserted, in a screaming voice, that he intended to kill the victim. Bystanders forcefully restrained the appellant from continuing the assault. The company commander sought to remove him from the area in a jeep, but appellant jumped from the moving vehicle and ran back toward the scene of the assault, screaming the same threat to kill. He was finally subdued, and removed from the area.

In his own defense appellant testified that before the assault he ingested a quantity of valium and had been continuously drinking an alcoholic beverage. He suffered a partial loss of memory during the period. On cross-examination, he acknowledged he sometimes "got in fights" after drinking alcoholic beverages.

Following the appellant's testimony, the trial judge adjourned the trial for the purpose of having a sanity board examine and evaluate the appellant. When court reconvened, defense counsel submitted a document to the judge, with the comment, "I present you with a copy of the report of the sanity board and stipulate to its authenticity." Trial counsel represented that he had no objection to the admissibility of the document. Appellate defense counsel submits that the parties at trial actually stipulated to the contents of the document and it is, therefore, evidence on the issue of appellant's sanity, not merely matter appropriate to a determination that a sanity proceeding was necessary. See United States v. Roland, 9 U.S.C.M.A. 401, 26 C.M.R. 181 (1958); paragraph 122c, Manual for Courts-Martial, United States, 1969 (Revised edition). At trial, counsel for the parties apparently proceeded on the basis that the document was used as evidence on the merits. Appellate government counsel does not oppose its use on this appeal for such purpose. Accordingly, we proceed from that standpoint. The document contains the following statement:

It is impossible to determine with certainty whether the individual was able to distinguish right from wrong or adhere to the right at the time of the alleged offense. The subject may have been so grossly intoxicated so as to profoundly affect his judgment. Other than the possibility of intoxication there is no evidence of any other mental defect, disease, or derangement which would render him incapable of judging right from wrong or adhering to the right. In the opinion of this Board of Officers, however, there is substantial evidence to indicate that this man has a long standing pattern of impulsive maladaptive behavior which might be characterized as criminal tendencies. It seems quite probable therefore that the subject could have committed the alleged offenses entirely independent of the influences of any intoxicants. The allegations against this individual represent the kind of behavior expected from him from a psychiatric point of view. The accused is deemed capable of participating in court proceedings and cooperating intelligently in his defense.

■■■ Appellant correctly observes that the issue presented to the trial court was whether his voluntary intoxication absolved him from criminal responsibility. Voluntary intoxication can negate the specific intent requisite to a charged or lesser included offense, and thereby preclude conviction of such intent offenses. See United States v. Thomson, 3 M.J. 271 (C.M.A.1977); United States v. Triplett, 21 U.S.C.M.A. 497, 45 C.M.R. 271 (1972); United States v. Hernandez, 20 U.S.C.M.A. 219, 43 C.M.R. 59 (1970). Appellate defense counsel acknowledge that no specific intent is required for the offense of which appellant stands convicted, but he asserts that military law should be expanded to include "pathological intoxication" as a ground for exoneration from responsibility for a criminal act, as proposed in the Model Penal Code § 2.08(5)(c), Proposed Official Draft (May 4, 1962), which defines that condition as "intoxication grossly excessive in degree, given the amount of the intoxicant, to which the actor does not know he is susceptible." Assuming, without deciding, that the condition can properly be recognized in military law, the appellant does not come within its

scope because he knew that, when intoxicated, he behaved in a violent manner. We conclude, therefore, that appellant was not prejudiced by the trial judge's probable utilization of the standard of mental responsibility set forth in paragraph 120*b*, Manual, *supra*,[1] in determining accused's mental condition at the time of the commission of the offense.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge PERRY concur.

---

1. The appellant was tried without members and the standard of mental responsibility which was applied by the judge was not set forth on the record. However, we assume he followed the law as it existed at the time of trial which preceded the release of our opinion in *United States v. Frederick*; 3 M.J. 230 (C.M. A.1977).