**UNITED STATES**

v.

**John A. GERTSON, 517 86 1915, Private First Class (E–2), U.S. Marine Corps.**

**NMCM 82 2280.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 18 Nov. 1981.

Decided 23 March 1983.

CDR Matthew J. Wheeler, JAGC, USNR, Appellate Defense Counsel.

LT Jerome A. Busch, JAGC, USNR, Appellate Defense Counsel.

LCDR D.L. Kelly, JAGC, USN, Appellate Government Counsel.

Before GLADIS, Senior Judge and BYRNE and GARVIN, JJ.

GLADIS, Senior Judge:

The accused was convicted at a special court-martial bench trial of violations of Articles 89, 90, 117, and 134, 10 U.S.C. §§ 889, 890, 917, 934, Uniform Code of Military Justice (UCMJ) and sentenced to a bad-conduct discharge, confinement at hard labor for 2 months, forfeiture of $350.00 per month for 5 months, and reduction to pay grade E–1. The convening authority approved the sentence, but probationally suspended the discharge. The supervisory authority approved the sentence as approved by the convening authority.

The accused contends that the evidence did not establish his guilt beyond a reasonable doubt and that the punitive discharge is inappropriate. We find no merit in his contentions and affirm.

## I

### Sufficiency of Evidence

Prior to committing the offenses the accused voluntarily drank from one-half of one-fifth to one-fifth of whiskey. He was intoxicated at the time of the offenses. Although he yelled and screamed, slurred his speech, and staggered, he was able to recognize individuals and carry on conversations. A psychiatrist testified that a sanity board found that the accused had a mental disease or disorder, acute alcohol intoxication, a temporary condition caused by excessive consumption of alcohol. As a result he could not appreciate the criminality of his conduct or conform his conduct to the requirements of the law.

### A

First, the accused contends that he is entitled to exoneration by reason of the defense of pathological intoxication. The MODEL PENAL CODE, Article 2.08(4) and (5)(c), Proposed Official Draft (May 4, 1962), cited in *United States v. Santiago-Vargas,* 5 M.J. 41 (C.M.A.1978), provides that pathological intoxication is a defense, if by reason of such intoxication the actor lacks substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law, and defines pathological intoxication as intoxication grossly excessive in degree, given the amount of the intoxicant, to which the actor does not know he is susceptible. *Also see* AM. PSYCHIATRIC ASS'N, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (DSM–III) section 291.40 (3d ed. 1980). Many persons with a low tolerance for alcohol have been held responsible for military offenses they committed while under alcoholic influence

and without realizing their threshold of intoxication. *United States v. Hernandez*, 20 U.S.C.M.A. 219, 43 C.M.R. 59 (1970). We refuse to expand military law to include pathological intoxication as a ground for exoneration from responsibility for a criminal act. *Cf. Kane v. United States*, 399 F.2d 730 (9th Cir.1968). Even if military law did recognize pathological intoxication as a defense, the accused would not benefit. The degree of his intoxication was not grossly excessive, given the amount of whiskey he had consumed. Therefore, his was not a case of pathological intoxication.

B

 Second, the accused contends that the evidence was insufficient to establish his guilt because there was no substantial evidence to prove his sanity in view of the unrebutted testimony of the psychiatrist that as a result of a mental disease, acute alcohol intoxication, he lacked substantial capacity to appreciate the criminality of his conduct or conform his conduct to the requirements of the law. Although an accused cannot be found sane when the record is devoid of any evidence permitting an inference of sanity and reliable expert testimony is unrebutted by the Government, psychiatric testimony does not have to be rebutted in every case in order to find that an accused is sane. *United States v. Morris*, 20 U.S.C.M.A. 446, 43 C.M.R. 286 (1971). A finding of guilty, which includes a finding of sanity contrary to expert opinion, can be sustained if it is supported by substantial evidence. *United States v. Carey*, 11 U.S.C.M.A. 443, 29 C.M.R. 259 (1960).

We find no valid basis for distinguishing this case from *United States v. Triplett*, 21 U.S.C.M.A. 497, 45 C.M.R. 271 (1972), in which the Court of Military Appeals upheld findings of guilty, although the only psychiatrist who testified at trial was of the opinion that the accused was not mentally responsible because of a psychotic episode, since the episode was induced by use of barbiturates and marijuana. *See United States v. Hernandez, supra,* in which the Court upheld guilty findings, although a psychiatrist, apparently the only expert who testified, was of the opinion that the accused's ability to distinguish right from wrong and adhere to the right were destroyed by his alcoholic intoxication. *Also see Kane v. United States, supra.*

 The law does not discriminate in favor of a drunk. Intoxication does not, in itself, constitute mental disease within the meaning of the test for mental responsibility adopted in *United States v. Frederick*, 3 M.J. 230 (C.M.A.1977). *United States v. Riege*, 5 M.J. 938 (N.C.M.R.1978). Although voluntary intoxication can negate specific intent and thereby preclude conviction for specific intent offenses it will not absolve one of criminal responsibility where his crime requires no specific intent. *Id.* at 942.

 A mental disorder caused by voluntary intoxication is not a defense to general intent crimes unless chronic drinking has destroyed the ability of an accused to appreciate the criminality of his conduct and conform it to the requirements of the law. *See United States v. Hernandez, supra.*

Although the accused in this case had a history of alcohol abuse, chronic drinking had not destroyed his ability to conform his conduct to the requirements of the law. The acute alcohol intoxication described by the psychiatrist, although classified as an organic disorder, is a temporary condition, the essential feature of which, according to the witness and DSM–III, section 303.00, is maladaptive behavior due to the recent ingestion of alcohol. The accused's intoxication was voluntary. It does not exonerate him even though psychiatrists may classify it as mental disorder and it resulted in irrational actions and inability to control his conduct. The evidence establishes that the accused was able to form the specific intents required for the specific intent offenses of which he was convicted. His guilt was proved beyond a reasonable doubt.

II

*Sentence Appropriateness*

 The accused's second assignment of error challenging the appropriateness of the

bad-conduct discharge has been mooted by the suspension of the discharge and the apparent expiration of the probationary period without the initiation of vacation proceedings.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Judge BYRNE and Judge GARVIN concur.