**UNITED STATES, Appellee,**

v.

**Michel L. TILLEY, Staff Sergeant, U.S. Air Force, Appellant.**

No. 54617.

ACM 24722.

U.S. Court of Military Appeals.

Sept. 21, 1987.

Certiorari Denied Feb. 22, 1988.
See 108 S.Ct. 1015.

For Appellant: *Major Francis T. Lacey, USAFR* (argued); *Colonel Leo L. Sergi* and *Major William H. Lamb* (on brief); *Captain Henry J. Schweiter.*

For Appellee: *Lieutenant Colonel Morris A. Tanner, Jr.* (argued); *Colonel Andrew J. Adams* and *Major Joseph S. Kistler* (on brief); *Colonel Kenneth R. Rengert, Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni.*

*Opinion of the Court*

SULLIVAN, Judge:

A general court-martial at Rhein-Main Air Base, Federal Republic of Germany, found appellant guilty of unpremeditated murder, in violation of Article 118(2), Uniform Code of Military Justice, 10 U.S.C. § 918(2). On July 17, 1984, the officer and enlisted members of this court-martial sentenced him to a dishonorable discharge, confinement for 18 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Military Review affirmed in an unpublished opinion.

This Court granted review of the following issue raised by the defense:

> WHETHER THE MILITARY JUDGE ERRED BY FAILING TO GIVE THE DEFENSE–REQUESTED INSTRUCTIONS REGARDING THE COMBINATION OF MENTAL CONDITION AND VOLUNTARY INTOXICATION.

Our review of the record reveals that the substance of the requested instructions was given by the military judge. Accordingly, we reject the asserted premise of the granted issue and affirm.

The record shows that appellant's girlfriend (TH) was beaten for over an hour by appellant, and she died on February 9, 1984. The Government charged appellant with premeditated murder under Article 118(1). The defense maintained that appellant was not capable of forming a specific intent to kill or cause great bodily harm to the victim as may be required for conviction under Articles 118(1) and 118(2). As noted above, the members found appellant guilty of unpremeditated murder under Article 118(2).

Appellant, before this Court, notes that evidence was presented at trial that at the time of the charged offense he was intoxicated; that he was an alcoholic; and that he had an adjustment disorder based on stress. On this basis, he asserts that he was entitled to an instruction that would advise the members that such conditions, if found to exist, might justify a finding that he lacked substantial capacity to form a specific intent to kill or inflict great bodily harm as required by Article 118(2). *See generally United States v. Thomson,* 3 M.J. 271, 273 (C.M.A.1977); para. 216*h*, Manual for Courts-Martial, United States, 1969 (Revised edition). Although the particular instruction requested by the defense was not given,* we find no error in the present case.

The Government argues before this Court that the instructions requested by the defense were fairly encompassed in the instructions actually given by the judge. We agree. *Cf. Cabana v. Bullock,* 474 U.S. 376, 106 S.Ct. 689, 695, 88 L.Ed.2d 704 (1986); *Francis v. Franklin,* 471 U.S. 307, 315–16, 105 S.Ct. 1965, 1972, 85 L.Ed.2d 344 (1985).

Turning to the record, we first note the instruction requested by the defense. It stated:

> You are advised that the combination of voluntary intoxication and a mental condition may cause the accused to lack substantial capacity to form a premeditated design to kill, a specific intent to kill, or a specific intent to inflict great bodily harm.

The military judge expressed some doubt whether this instruction was authorized as a matter of military law. Nevertheless, he stated that such an instruction was fairly implied in his other instructions. He said:

> Counsel, I think we've gone over this at some point before, and I have given this a great deal of thought. I gave it great

thought when I wrote the instructions. And when I say—state "voluntary intoxication by itself is not a defense to unpremeditated murder, and voluntary intoxication standing alone will not reduce unpremeditated murder to a lesser degree of unlawful killing," I don't know of any other way to say that. If it is not standing alone, then certainly you're free to make that argument to the fact-finders. But—so I'm not going to give the instruction you suggested.

The military judge's actual instructions could be reasonably interpreted by the members to convey the import of the defense request. The instruction referred to stated:

> This instruction on voluntary intoxication is to be distinguished from the previous instruction concerning partial mental responsibility. As you recall, I advised you that if an accused lacked substantial mental capacity to entertain premeditation in the case of the offense charged, or a specific intent to kill or inflict great bodily harm in the case of unpremeditated murder or voluntary manslaughter, he cannot be convicted of those offenses. *You are advised, however, that as to the issue of voluntary intoxication, although the accused must have had the intent to kill or inflict great bodily harm in the lesser included offense of unpremeditated murder, voluntary intoxication by itself is not a defense to unpremeditated murder, and voluntary intoxication standing alone will not reduce unpremeditated murder to a lesser degree of unlawful killing.*

(Emphasis added.) Moreover, immediately thereafter, the military judge more clearly communicated the same idea and eliminated any doubt on this point:

> Further, regarding amnesia, you are advised that amnesia whether it results from the use of alcohol, from stress, or other emotional or psychological causes,

---

* The four doctors who testified in this case (two for each side) all stated that these conditions did not interfere with appellant's capacity to form an intent to inflict great bodily harm. Although the members were not required to accept these expert opinions, we have great doubt whether the guilty findings would change even if they were particularly instructed as requested by the defense. *See generally Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).

is not a defense to a crime. *However, as with the issue of intoxication, amnesia, if genuine, is one of the factors you may consider in determining the accused's mental processes at the time of the offense and his ability to premeditate or form a specific intent to kill or inflict great bodily harm.*

Another question which is raised in this unpremeditated-murder case is whether evidence of voluntary intoxication should ever be considered on the question of one's capacity to form the intent to kill or inflict great bodily harm. *See* 1 W. LaFave & A. Scott, *Substantive Criminal Law* § 4.10(a) (1986); *cf.* 2 *Substantive Criminal Law* § 7.11(d). The Government, relying on older decisions of this Court, asserts that voluntary intoxication, as a matter of law, cannot reduce unpremeditated murder to manslaughter. *See United States v. Ferguson,* 17 U.S.C.M.A. 441, 38 C.M.R. 239 (1968); *United States v. Craig,* 2 U.S.C.M.A. 650, 10 C.M.R. 148 (1953); *United States v. Roman,* 1 U.S.C.M.A. 244, 2 C.M.R. 150 (1952). *See also* para. 197, Manual, *supra.* Accordingly, it concludes that evidence of voluntary intoxication is legally irrelevant in all cases of unpremeditated murder. Mil.R.Evid. 402, Manual, *supra.* The defense, relying on *United States v. Thomson, supra,* and *United States v. Vaughn,* 23 U.S.C.M.A. 343, 49 C.M.R. 747 (1975), suggests that the older decisions are no longer good law or are inapplicable to cases where evidence of voluntary intoxication does not stand alone.

We note that the *Vaughn* decision clearly holds that the intent to kill or commit great bodily harm required by Article 118(2) is a specific intent and, accordingly, the primary rationale of *Ferguson, Craig,* and *Roman* has been eroded. On the other hand, that decision cites *Ferguson* without expressly repudiating its holding. *United States v. Vaughn,* 23 U.S.C.M.A. at 345, 49 C.M.R. at 749. Moreover, a related rationale expressed in *United States v. Roman,* 1 U.S.C.M.A. at 251, 2 C.M.R. at 157, and *United States v. Ferguson,* 17 U.S.C.M.A. at 443, 38 C.M.R. at 241, that the intent to drink may suffice for malice aforethought or other intent necessary for unpremeditated murder has not yet been rejected. *See United States v. Hernandez,* 20 U.S.C.M.A. 219, 223, 43 C.M.R. 59, 63 (1970). The prudent action of the judge in giving his instructions in the present case makes it unnecessary to resolve this question today. *See* Part IV, para. 43c (2)(c) and (c)(3)(c), Manual for Courts-Martial, United States, 1984.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.