UNITED STATES, Appellee,

v.

Charlie M. LEDBETTER, Private, U.S. Army, Appellant.

No. 64,463.

CM 8900746.

U.S. Court of Military Appeals.

Argued Dec. 19, 1990.

Decided April 23, 1991.

For Appellant: *Captain Robin K. Swope* (argued); *Colonel Robert B. Kirby, Lieutenant Colonel Russell S. Estey, Captain Alan M. Boyd* (on brief).

For Appellee: *Captain Randy V. Cargill* (argued); *Colonel Alfred F. Arquilla* and *Lieutenant Colonel Daniel J. Dell'Orto* (on brief).

*Opinion of the Court*

COX, Judge:

We are called upon to decide whether there is sufficient evidence from which "*any* rational trier of fact could have found" appellant guilty of housebreaking and larceny "beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Turner,* 25 MJ 324 (CMA 1987).[1] After careful review of the record and consideration of the briefs and arguments of counsel, we affirm the unpublished decision of the Court of Military Review dated March 9, 1990.

Sometime between 2300 and 2330 hours on November 5, 1988, a silent alarm signaled the Military Police Station at Fort Hood, Texas, that there was an entry or attempted entry into the 2d Armored Division ["Hell on Wheels"] Museum. Two military policemen responded to the alarm. Upon arriving at the museum, they encountered an unarmed night guard—appellant.

---

1. Appellant was tried by a military judge sitting as a general court-martial. He pleaded guilty to one specification of misbehavior as a sentinel, in violation of Article 113, Uniform Code of Military Justice, 10 USC § 913. He entered pleas of not guilty to one specification of fraudulent enlistment; one specification of housebreaking; and one specification of larceny, violations of Articles 83, 130, and 121, UCMJ, 10 USC §§ 883, 930, and 921, respectively. A motion for a finding of not guilty was granted as to the fraudulent enlistment. He was found guilty of all other charges and specifications, and sentenced to confinement for 25 months, total forfeitures, and a bad-conduct discharge. His sentence was approved by the convening authority and affirmed by the Court of Military Review in a short-form opinion.

One policeman checked the museum and found that the door to the boiler room had been forced open. The hasp and lock were hanging from the door. Entering into the boiler room, he found "a large hole in the wall ... just above the air conditioning unit" and "an ax handle lying on top of one of the air conditioning units." The hole was described as being 3½ or 4 feet in diameter.

Upon investigating inside the museum, the police determined that a cash register was missing. The register was later found outside the building with a piece of angle iron sticking out of the drawer, indicating that someone had attempted to use the iron to pry open the drawer. The register was located in the area from which appellant had come when he first encountered the military policemen.

On the night in question, appellant was assigned to guard the museum along with Private George Liggins. They were armed with an ax handle. Prior to reporting for duty at 2300 hours, appellant consumed a large quantity of alcohol. The record of trial contains considerable evidence of appellant's intoxication on the night in question, including, as well, evidence that appellant chronically abused alcohol.

On appeal, appellant contends that his conviction for housebreaking and larceny cannot be sustained because: (1) The evidence is insufficient to convict him of the crimes; and, (2) if he did commit the crimes, he should be relieved of criminal responsibility because he was too intoxicated to form the requisite criminal intent. *United States v. Ferguson,* 17 USCMA 441, 38 CMR 239 (1968); *see also Ellis v. Jacob,* 26 MJ 90 (CMA 1988).

■ We reject appellant's contentions. The Government's evidence clearly established all the necessary elements to prove housebreaking and larceny. The primary question for the factfinder was whether appellant was the thief. There are several key pieces of evidence from which a ration-

al factfinder could conclude that appellant was indeed the perpetrator.

First, he was present at the scene of the crime, a place he was entrusted to guard and keep safe. Second, he was given an ax handle by his counterpart at the changing of the guard. A similar ax handle was found in the boiler room, and appellant had no ax handle when the police first encountered him. Finally, he was seen coming from the direction where the stolen cash register was found. Although there may be some explanation concerning these three key pieces of circumstantial evidence other than guilt, none appear in the record of trial.

■ The next question is whether appellant's voluntary intoxication destroyed his ability to form the specific intent to steal. Again, the Government has provided ample evidence to demonstrate that, at the *time* of the housebreaking and larceny, appellant was capable of forming the specific intent necessary to be found guilty of these offenses.

Specifically, the sergeant of the guard spoke with appellant shortly before he went on duty, and she did not notice him to be intoxicated. Also, the guard whom appellant relieved did not notice appellant to be intoxicated. Finally, although it is fair to conclude that appellant progressively came to be more intoxicated as the night wore on—to the point that he fell asleep—when the military police arrived at the museum, he was rational enough to challenge them and offer an explanation of how the alarm had been activated. Conclusively, the crime itself was committed by a person fully capable of planning and executing an elaborate break-in and theft. *"Non quod dictum est, sed quod factum est inspicitur."* [2]

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Senior Judge EVERETT concur.

2. "Not what is said, but what is done, is regard-    ed." *Black's Law Dictionary* 953 (5th ed.1979).