**450**

UNITED STATES, Appellee,

v.

Ricci D. MORRIS, Airman Recruit, U.S. Navy, Appellant.

No. 47,909.

NMCM 83–2857.

U.S. Court of Military Appeals.

Sept. 4, 1984.

For Appellant: *Lieutenant Commander William A. DeCicco*, JAGC, USN, and *Lieutenant Lois B. Agronick*, JAGC, USNR (on petition).

For Appellee: *Commander W. J. Hughes*, JAGC, USN, and *Lieutenant Commander Robert T. Gerken*, JAGC, USN (on petition).

*Opinion of the Court*

PER CURIAM:

■ A special court-martial convicted appellant, *inter alia*, of separate specifications of "unlawfully shov[ing] ... Frank N. Cozart ... in the chest with his hands" and with "unlawfully strik[ing] ... Frank N. Cozart ... in the forehead with his left fist," both on the same date and in the same location (specifications 4 and 5 of Charge II), in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928. An examination of the record of trial reveals that these events occurred during a single, uninterrupted scuffle between appellant and Cozart.

As we reiterated in *United States v. Doss*, 15 M.J. 409, 411 (C.M.A. 1983), and *United States v. Baker*, 14 M.J. 361, 365 (C.M.A. 1983), paragraph 26*b* of the Manual for Courts-Martial, United States, 1969 (Revised edition), admonishes that "[o]ne transaction, or what is substantially one transaction, should not be made the basis for an unreasonable multiplication of charges against one person." One of the Manual examples of improperly breaking down a single event into more than one specification is charging separate larcenies when the accused steals several articles at the same place and time. *See* para. 200*a* (8), Manual, *supra*.

The present case parallels this example and falls squarely within the proscription of paragraph 26*b*. First, both charged assaults were based on "[o]ne transaction, or what is substantially one transaction." Second, the "charged offenses are [merely] different aspects of a continuous course of conduct prohibited by one statutory provision." *See United States v. Baker, supra* at 366. When Congress enacted Article 128, it did not intend that, in a single altercation between two people, each blow might be separately charged as an assault.

Of course, when trial began, the military judge could not reasonably have determined that both of these assaults were parts of a single altercation between the two men. "Whether an aggregate of acts constitute a single course of conduct and therefore a single offense, or more than one, may not be capable of ascertainment merely from the bare allegations of an information and may have to await the trial on the facts." *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 225, 73 S.Ct. 227, 231, 97 L.Ed. 260 (1952). However, once the matter was clear from the evidence of record, it was incumbent on the trial judge—and subsequently the Court of Military Review—either to consolidate the specifications or to dismiss a specification as multiplicious. *United States v. Doss* and *United States v. Baker*, both *supra*. *See United States v. Williams*, 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968); *United States v. Drexler*, 9 U.S.C.M.A. 405, 26 C.M.R. 185 (1958). *Cf. United States v. Huggins*, 17 M.J. 345 (C.M.A. 1984).

Appellant also was convicted of separate specifications of unauthorized absence from his unit from December 3 to 5, 1982 (Charge I and its specification), and of breach of restriction to his unit on December 3, 1982 (Charge III and its specification). The former finding is multiplicious with the latter and cannot stand. *United States v. DiBello*, 17 M.J. 77 (C.M.A. 1983).

The decision of the United States Navy-Marine Corps Court of Military Review is reversed as to Charge I and its specification and specification 4 of Charge II. The findings of guilty of these specifications and Charge I are set aside and these specifications and Charge I are dismissed. Specification 5 of Charge II is amended by adding, after the word "fist," the words: "and unlawfully shoved Electronics Technician Second Class Frank N. Cozart in the chest with his hands." In all other respects, including this amended specification, the decision below is affirmed.

Senior Judge COOK did not participate.