**UNITED STATES, Appellee,**

v.

**Specialist Four Anthony M. BOX, 357–54–7407, United States Army, Appellant.**

**ACMR 8800075.**

U.S. Army Court of Military Review.

30 March 1989.

For Appellant: Colonel John T. Edwards, JAGC, Major Marion E. Winter, JAGC, Captain William J. Kilgallin, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Major Daniel J. Dell'Orto, JAGC, Major Kathryn F. Forrester, JAGC, Captain Marcus A. Brinks, JAGC (on brief).

Before HOLDAWAY, THORNOCK, and CARMICHAEL, Appellate Military Judges.

OPINION OF THE COURT

HOLDAWAY, Chief Judge:

Despite his plea of not guilty, the appellant was convicted by a special court-martial of the aggravated assault of a fellow soldier. He was sentenced to confinement for six months, forfeiture of $447.00 per month for six months, and a bad-conduct discharge. The convening authority approved the sentence.

There is no serious dispute as to the salient facts. Both appellant and his victim testified at trial. Their testimony was largely congruent as was the testimony of several bystanders.[1] These are the relevant facts: The appellant and his victim were on a bus returning to their Kaserne after spending the evening at a festival in the City of Meunster, Federal Republic of Germany. They both had consumed several beers and were perhaps in some state of intoxication. The appellant and a friend were talking loudly and, in referring to empty wine glasses and beer glasses they were carrying, were talking about "cutting" someone. Private First Class Schrad-

---

1. The only real discrepancy was whether the victim, Private First Class Schrader, at the outset of confrontation used a racial epithet (he is white, the appellant black) to which the appellant had responded in kind. One witness said he had, Schrader denied it; interestingly, at trial the appellant testified there were racial over-

tones, but could not remember what they were. The rest of his testimony was very clear and very detailed as to the events of the evening. Whatever the facts, racial epithets, however abhorrent, do not excuse or justify an aggravated assault.

 

er, the victim, took exception to their loudness. Words led to a confrontation which was quelled by noncommissioned officers sitting on the bus. When Schrader got off the bus, the appellant followed. The sequence of events is a little unclear after that except for the fact that the appellant struck the victim in the face with a wine glass, thereby inflicting serious cuts about the nose and eyes. Immediately afterwards, the appellant was apprehended and, in a written statement clearly and concisely related the facts. At trial he reiterated these facts.[2] In both instances he admitted that he struck Schrader with the glass, that he intended to do so, and that he intended to cut him. He offered no justification for such acts beyond the fact that he felt "threatened." That, of course, is *not* legal justification.

The issue now raised by the appellant is the failure to instruct the court concerning the possible effect of intoxication on the appellant's ability to form the requisite intent to inflict grievous bodily harm. The appellant did not request such an instruction at trial nor did he advance the theory or argue that he did not have the necessary intent. In fact, as noted, he specifically testified that he knew what he was doing and did intend to strike the victim and cut him. We will assume, for purposes of analysis, that if there were indications of intoxication that were severe enough to raise some evidence that the appellant could not have formed the requisite intent, an instruction would have been required. DA Pam 27–9, para. 5–12 (Military Judge's Benchbook); *cf.,* Manual for Courts–Martial, United States, 1984, Rule 916(*l*)(2).

That clearly was not the case here. The appellant argues that the standard necessary to raise the issue is evidence of mere intoxication. That is clearly not so. There must be some evidence that the intoxication was of a severity to have had the effect of rendering the appellant incapable of forming the necessary intent. *United States v. Bright,* 20 M.J. 661 (N.M. C.M.R.1985). In this case, it would have been completely contrary to the evidence to have given this instruction in face of the appellant's own testimony that he clearly remembered the events, knew what he was doing, and *intended* to do what he did. In short, it is not enough to show that alcohol may have clouded the appellant's judgment; there must be some credible evidence that the alcohol removed his ability to make *any* judgment.

We have considered the entire record to include the issue raised by the appellant in his request for appellate counsel. We are satisfied that the findings are correct in law and in fact and should be approved. We are likewise satisfied that the sentence is appropriate. We therefore affirm the findings of guilty and the sentence.

Senior Judge THORNOCK and Judge CARMICHAEL concur.

2. The only material discrepancy between the two statements is the possible racial antagonism. The pretrial statement made no such claim. At trial, as recounted previously, the appellant remembered there was some racial aspect to the incident but could not remember the precise words or context.