UNITED STATES, Appellee,

v.

Cleveland PETERSON, Specialist
U.S. Army, Appellant.

No. 96–1376.
Crim.App. No. 9600323.

U.S. Court of Appeals for
the Armed Forces.

Argued June 5, 1997.

Decided Sept. 29, 1997.

For Appellant: *Captain Mark A. Bridges* (argued); *Colonel John T. Phelps II, Lieutenant Colonel Michael L. Walters*, and *Major Leslie A. Nepper* (on brief); *Captain John M. Head.*

For Appellee: *Captain Mary E. Braisted* (argued); *Colonel John M. Smith, Lieutenant Colonel Eva M. Novak*, and *Captain Joanne P. Tetreault* (on brief).

*Opinion of the Court*

**COX, Chief Judge:**

Pursuant to his pleas, appellant was convicted of housebreaking and indecent assault, violations of Articles 130 and 134, Uniform Code of Military Justice, 10 USC §§ 930 and 934, respectively.* We granted review of appellant's question as to whether the military judge sufficiently resolved a possible inconsistency between appellant's pleas and statements elicited during his providence inquiry and on sentencing.

### FACTS

The incident underlying appellant's conviction took place in the early morning hours of December 22, 1995. Appellant and his female victim were members of the same unit and lived on the same floor of Building 802, Camp Casey, Republic of Korea. Prior to the offense, appellant and the victim were friends, but they were not romantically involved. Appellant had tried to move the friendship to a romantic level, but his victim had made it clear that she did not desire a romantic relationship with him.

On the night of December 21, 1995, the victim spent time with friends, eventually returning to her room after midnight at approximately 12:30 on December 22. She changed into her exercise shirt and shorts, and panties, then went to bed and fell asleep. She did not lock the door to her room.

At approximately 2:30 a.m., December 22, appellant entered the victim's room. It was dark except for the light from a television, which one of the victim's roommates had left on. Appellant went to the victim's bed, the location of which he knew from previous visits to the room. He slipped into the bed, reached under the victim's shirt, and fondled her breasts. The victim awoke and began screaming at appellant. One of the victim's roommates ran to her bed and ordered appellant out of the room.

---

* Appellant was tried by a military judge alone, sitting as a special court-martial empowered to adjudge a bad-conduct discharge. The court sentenced him to reduction to E–1; forfeiture of $450 pay per month for 3 months; confinement for 85 days; and a bad-conduct discharge. The convening authority approved the sentence. The Court of Criminal Appeals affirmed in an unpublished opinion dated August 13, 1996.

At trial, prior to accepting appellant's guilty pleas, the military judge conducted a providence inquiry into the facts underlying the charges. During the inquiry, appellant made reference to the fact that he had been drinking for some time prior to the incident and that he was intoxicated at the time of the offense. Later, during his unsworn sentencing statement, he also stated that he believed at the time of the incident that he had been "invited" to act as he did.

## ISSUE

We granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED BY NOT RESOLVING THE POSSIBLE INCONSISTENCY BETWEEN APPELLANT'S GUILTY PLEAS TO OFFENSES INVOLVING SPECIFIC INTENT, ON THE ONE HAND, AND HIS STATEMENTS CONCERNING HIS LEVEL OF INTOXICATION AND HIS BELIEF AT THE TIME THAT HE HAD BEEN "INVITED," ON THE OTHER.

## DISCUSSION

Both offenses to which appellant pleaded guilty were "specific-intent" offenses, in that each has a specific-intent element. Housebreaking requires, as an element, that the accused unlawfully entered a structure "with the intent to commit a criminal offense therein"—in this case, an indecent assault. Para. 56b(2), Part IV, Manual for Courts–Martial, United States (1995 ed.). Indecent assault requires proof that the accused committed an assault "with the intent to gratify the lust or sexual desires of the accused." Para. 63b(2), Part IV, Manual, *supra.* Appellant contends that his statements at trial about his intoxication and his mistaken belief that he had been "invited" raised questions concerning his lack of specific intent to commit one or both offenses, thus setting up inconsistencies with the pleas which the military judge failed adequately to resolve. The Government argues that appellant clearly admitted all elements of the charged offenses and that the statements at issue do not raise any questions inconsistent with the pleas. Alternatively it argues that, even if such questions

were raised, the military judge adequately resolved the issues during the providence inquiry.

The law is clear that, in the course of a guilty-plea proceeding, "[i]f an accused 'sets up matter inconsistent with the plea' ... the military judge must either resolve the apparent inconsistency or reject the plea." *United States v. Garcia,* 44 MJ 496, 498 (1996), quoting Art. 45(a), UCMJ, 10 USC § 845(a). *See also* RCM 910(e) and (h)(2), Manual, *supra.* However, the "mere possibility" of conflict between an accused's statements and a guilty plea does not necessarily require rejection of the plea. *United States v. Logan,* 22 USCMA 349, 350–51, 47 CMR 1, 2–3 (1973). Rather, "rejection of the plea [is] require[d] ... [when] the record of trial show[s] a 'substantial basis' in law and fact for questioning the guilty plea." *United States v. Prater,* 32 MJ 433, 436 (CMA 1991); *see United States v. Gibson,* 43 MJ 343, 346 (1995). Once a military judge has accepted a plea and entered findings thereon, an appellate court likewise will not disturb the findings and plea "unless it finds a substantial conflict between the plea and the accused's statements or other evidence of record." *Garcia, supra* at 498.

A review of the record shows no substantial conflict between the pleas and the trial evidence. In any event, the military judge adequately inquired into and resolved all potential inconsistencies at trial. In order to clarify these matters, we will treat the two claimed inconsistencies separately.

## I. *VOLUNTARY INTOXICATION OF APPELLANT*

Voluntary intoxication may, but does not necessarily, negate the specific intent required for some offenses. *United States v. Anderson,* 25 MJ 342 (CMA 1987). It "is not a defense to a general-intent crime, but it may raise a reasonable doubt about actual knowledge, specific intent, willfulness, or premeditation when they are elements of a charged offense." *United States v. Hensler,* 44 MJ 184, 187 (1996). When raising an issue of voluntary intoxication as a defense to a specific-intent offense, "[t]here must be some evidence that the intoxication was of a

severity to have had the effect of rendering the appellant incapable of forming the necessary intent," not just evidence of mere intoxication. *United States v. Box*, 28 MJ 584, 585 (ACMR 1989).

■ There is no indication in the record that appellant's state of intoxication at the time of the offense was of such severity as to permit its use as a defense to the specific-intent element of the indecent-assault charge. He entered the victim's darkened room without knocking at approximately 2:30 a.m., went to the victim's bed where she lay asleep, slipped into the bed beside the victim, placed his hand under her shirt, and fondled her breasts. Frequently, as here, the conduct of an accused is sufficiently focused and directed so as to amply demonstrate a particular *mens rea* or other state of mind. *United States v. Ledbetter*, 32 MJ 272, 273 (CMA 1991); *see United States v. Dock*, 40 MJ 112, 128–29 (CMA 1994). Further, there is no suggestion in this record that appellant was so intoxicated at the time as to be legally insane. Thus, it does not appear that voluntary intoxication presented even a "mere possibility" of a defense to the specific-intent element of this charge, much less a viable defense. *United States v. Logan, supra.*

Legal sufficiency apart, the record shows that the military judge conducted sufficient inquiry to resolve any claimed inconsistencies in this matter. He thoroughly inquired into the nature of appellant's drinking; the extent to which intoxication affected appellant's mental faculties at the time of the offense; the basis for appellant's belief regarding facts which he claimed not to fully recall due to his intoxication at the time of the offense; and appellant's intent at the time of the offense. He also noted in examining appellant that appellant had specifically admitted in the stipulation of fact that his drinking did not negate his intent to indecently assault the victim. The judge also discussed with trial defense counsel, in the presence of appellant and during the providence inquiry, the legal ramifications of involuntary intoxication on this charge. Appellant's responses during the providence inquiry indicate that he understood the nature of the charges and

believed the facts supporting his guilt to be true. Thus, the military judge resolved any potential inconsistencies regarding the effect of appellant's voluntary intoxication on the charge of indecent assault. We detect no substantial conflict between the plea and findings in this case and appellant's statements and evidence in the record.

Turning to the charge of housebreaking, appellant contends that his statements regarding involuntary intoxication created inconsistencies with his plea to that charge as well. Appellant apparently argues that, as the housebreaking charge requires a specific intent to commit an offense (here, indecent assault) within the structure entered, and as (in his opinion) his intoxication voided the specific intent required to support the underlying indecent assault, the intoxication therefore is also inconsistent with the specific intent required for housebreaking. For the reasons set forth above, we conclude that the acceptance of appellant's pleas to and the findings of guilty of housebreaking were provident and proper.

## II. Mistake of Fact

■ During appellant's unsworn statement on sentencing, trial defense counsel asked him why he committed the acts for which he was convicted. Appellant replied, "At the time, sir, I believe[d] that I was invited, but now, I believe that I wasn't invited on that evening." Appellant now contends that this statement set up matters inconsistent with his guilty pleas and that the military judge failed to resolve these inconsistencies. We disagree.

■ The only element of this indecent-assault charge to which this statement might be applicable as a mistake-of-fact defense would be that of consent; that is, whether the victim had consented to the touching involved in the indecent assault. While indecent assault entails one element requiring specific intent (that is, that the offensive touching was committed to satisfy the lust or sexual desires of the accused), the consent element of consent in this offense is a general-intent element. Accordingly, a mistake-of-fact defense on this element would require

both a subjective belief of consent and a belief that was reasonable under all the circumstances. *See Garcia, supra* at 498; *United States v. True,* 41 MJ 424, 426 (1995); RCM 916(j).

In this case, during the providence inquiry and in the stipulation of fact, appellant admitted that his indecent assault on the victim occurred without her consent. With the sole exception of the one noted statement during sentencing, at no time during the trial proceedings did appellant provide any intimation that he had even a subjective belief that the victim had consented to the touching; and a review of the circumstances of the case belies any claim that appellant had such a belief. With respect to appellant's sentencing statement, this appears to fall within the category of rationalization described in prior cases before this Court:

> Often, an accused is reluctant to admit to a particular aspect of an offense. However, that should not vitiate his guilty plea if he recognizes that the evidence against him will prove the point, and he admits his guilt to the offense.

> We should not overlook human nature as we go about the business of justice. One aspect of human beings is that we rationalize our behavior and, although sometimes the rationalization is "inconsistent with the plea," more often than not it is an effort by the accused to justify his misbehavior.

*Garcia,* 44 MJ at 498, quoting *United States v. Penister,* 25 MJ 148, 153 (CMA 1987) (Cox, J., concurring). Thus it appears that appellant's "invited" statement during sentencing was a mere rationalization of his behavior; that it did not raise any matters inconsistent with his plea to the Charge; and, in any event, that nothing in the record demonstrates a substantial conflict between the evidence and the findings, inasmuch as, apart from this one bare assertion, nothing indicates that appellant had either a subjective or a reasonable belief at the time of the offense that the victim had consented to the touching involved therein.

 Appellant further urges that the "invited" statement raised matters inconsistent with his plea to the offense of house-breaking. The first element of that offense, that the accused "unlawfully entered a certain building or structure of a certain other person," para. 56b, Part IV, is a general-intent element. Any mistake-of-fact defense based upon appellant's belief of consent raised in respect to this element must have been both subjectively held and reasonable in light of all the circumstances. *Garcia, supra* at 498; RCM 916(j). The second element of housebreaking requires a specific intent to enter with the intent to commit an offense, here indecent assault. To constitute a defense to elements requiring a specific intent, such as the intent to do bodily harm and to gratify lust, a mistake of fact need only have existed in the mind of the accused. A mistake as to the victim's lack of consent, on the other hand, must still have been reasonable and honest. RCM 916(j); § 5.01(1), ALI Model Penal Code, *reprinted in ALI Model Penal Code and Commentaries* 301–03 and nn. 8–11 (1985). As there is no intimation here that appellant's alleged belief of invitation was reasonable, his belated comment was not inconsistent with his prior pleas of guilty.

Again, the "invited" statement appears to be a mere rationalization for sentencing, a finding supported by the military judge's examination of appellant during the providence inquiry and by the stipulation of fact, and strengthened by the circumstances of the offense. *See United States v. Penister, supra.* Apart from this one bare assertion on sentencing, nothing exists in the record which would indicate that appellant ever held either a subjective or an objectively reasonable belief of having been "invited," so as to have raised any more than a mere possibility of a defense at trial.

Accordingly, there is no substantial conflict between the plea to this charge and appellant's statements or other evidence, and we decline to set aside the findings or the pleas or reverse the decision of the court below.

The decision of the United States Army Court of Criminal Appeals is affirmed.

Judges SULLIVAN, CRAWFORD, GIERKE, and EFFRON concur.