UNITED STATES, Appellee,

v.

Jermayne L. SMITH, Mineman Seaman,
U.S. Navy, Appellant.

No. 97–0728.
Crim.App. No. 96–0199.

U.S. Court of Appeals for
the Armed Forces.

Argued March 23, 1998.

Decided June 9, 1998.

For the Appellant: *Lieutenant John D. Holden*, JAGC, USNR (argued); *Lieutenant James P. Benoit*, JAGC, USNR.

For the Appellee: *Lieutenant Russell J.E. Verby*, JAGC, USNR (argued); *Colonel Charles Wm. Dorman*, USMC, and *Commander D.H. Myers*, JAGC, USN (on brief).

*Opinion of the Court*

EFFRON, Judge:

A general court-martial composed of a military judge sitting alone convicted appellant,

pursuant to his pleas, of attempted kidnapping, unauthorized absence (3 specifications), disobeying a lawful order, rape, maiming, forcible sodomy, assault consummated by a battery (2 specifications), and aggravated assault (2 specifications), in violation of Articles 80, 86, 92, 120, 124, 125, and 128, Uniform Code of Military Justice, 10 USC §§ 880, 886, 892, 920, 924, 925, and 928, respectively. Appellant was sentenced to a dishonorable discharge, confinement for 25 years, total forfeitures, and reduction to pay grade E–1. In accordance with a pretrial agreement, the convening authority suspended confinement in excess of 16 years but otherwise approved the findings and sentence, and the Court of Criminal Appeals affirmed.

We granted review of the following issue:

WHETHER APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS TRIAL DEFENSE COUNSEL FAILED TO ADEQUATELY INVESTIGATE APPELLANT'S CASE, FAILED TO ADEQUATELY PRESENT A DEFENSE, FAILED TO ADEQUATELY PRESENT EVIDENCE IN EXTENUATION AND MITIGATION, AND WAS INEXPERIENCED, OVERWORKED, AND UNPREPARED.

We hold that the assertions of appellant's trial defense counsel, which reflect counsel's remorse and disappointment with the ultimate resolution of the case, do not establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687–94, 104 S.Ct. 2052, 2064–68, 80 L.Ed.2d 674 (1984).

### FACTS

Appellant's claim of ineffective assistance of counsel is based on an affidavit submitted by his trial defense counsel, Lieutenant Commander (LCDR) W,[1] to the Court of Criminal Appeals. In the affidavit, LCDR W states that, at the time of his representation of appellant: (1) he had "assumed the position of Senior Defense Counsel with one other

counsel with no experience," and, consequently, he had taken "a heavy case load"; (2) during the 3 weeks immediately preceding appellant's trial, he was often in court on other matters or out of town; (3) he "felt that [he] was unable to effectively represent [appellant] because of the limited time [he] had to dedicate to [the] case and because of [his] fatigue"; (4) he "firmly believe[d] that [he] would have been able to negotiate a more favorable plea agreement or have presented a more thorough and effective case in mitigation if [he] had proper time to prepare for trial"; and (5) his "inexperience rendered [his] representation ineffective."

LCDR W also discusses in his affidavit a defense motion requesting the appointment of a government-paid expert witness to assist with appellant's case in mitigation. LCDR W states that the military judge denied the motion "based, at least in part, on the lateness of the motion." LCDR W further explains that "[t]he motion was submitted so late because I, based on my inexperience, was unaware of the defense until I attended a training course on death penalty litigation at the Naval Justice School just prior to trial.... If I had sufficient experience, I would have raised the motion at the proper time." The affidavit contains no information as to what testimony would have been offered by such a witness.

### DISCUSSION

■ When pressing an appellate claim of ineffective assistance of counsel, an appellant "must surmount a very high hurdle." *United States v. Moulton*, 47 MJ 227, 229 (1997). The Supreme Court of the United States observed the following in *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065:

Judicial scrutiny of counsel's performance must be highly deferential. ... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's

1. During his representation of appellant, LCDR W was a lieutenant, but he had been selected for promotion. He was promoted to lieutenant commander and assigned as a staff judge advocate 6 months after appellant's trial.

challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

■ In order to surmount this high hurdle, appellant must show: (1) that LCDR W's performance was deficient, *i.e.*, that LCDR W "made errors so serious that [he] was not functioning as the 'counsel' guaranteed by the Sixth Amendment"; and (2) that "the deficient performance prejudiced the defense," *i.e.*, that LCDR W's "errors were so serious as to deprive [appellant] of a fair trial, a trial whose result is reliable." *Id.* at 687, 104 S.Ct. at 2064.

Appellant claims that LCDR W's assertions regarding the problems in his representation of appellant establish a denial of the effective assistance of counsel, citing in particular the denial of the motion for appointment of the mitigation expert. The Government replies that LCDR W's performance was "reasonable under prevailing professional norms" and that appellant has not shown his sentencing case was prejudiced.

■ To establish a deficiency in counsel's performance, appellant must establish that "counsel's representation fell below an objective standard of reasonableness" and that counsel's "acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 688–90, 104 S.Ct. at 2064–66. While self-critical analysis by counsel is always welcomed, counsel who are disappointed with the results of a trial can always conceive, on reflection, of something different that could have been done. However, counsel's statements of remorse after losing a contested proceeding are not sufficient to

establish ineffective assistance under the high *Strickland* standard. The statements in LCDR W's affidavit reflect little more than his disappointment with the outcome of the plea negotiations and sentencing case.

■ As to the matter of a mitigation expert witness, appellant has not proffered the substance of what the witness would have said and has not asserted how a competent defense counsel would have utilized the testimony. *Id.* at 694, 104 S.Ct. at 2068. We note that appellant is represented on appeal by a defense counsel different from the one at trial and that his present counsel belongs to an entirely different defense organization within the Navy than his trial defense counsel. The appellate defense division, to which his present counsel is assigned, is devoted to appellate review and has complete freedom to challenge the competence of trial-level counsel. Even in this context, however, appellate defense counsel has not brought any specifics to our attention in this regard.

A post-trial attack, even when self-initiated by trial defense counsel, requires more than counsel's regret as support. We hold that appellant has failed to meet the standard established in *Strickland*.[2]

### DECISION

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and GIERKE concur.

---

2. We also granted review of the following issue:

WHETHER APPELLANT'S TRIAL DEFENSE COUNSEL VIOLATED HIS ETHICAL OBLIGATIONS TO REPRESENT APPELLANT WHEN, EVEN THOUGH HE STATED HIS INEFFECTIVENESS IN COURT ON THE RECORD AND IN A LEGAL AFFIDAVIT, HE WAS ADVANCED IN RANK AND GIVEN A POSITION OF RESPONSIBILITY AS A STAFF JUDGE ADVOCATE, WHICH BEGS THE QUESTION OF WHY WOULD THE

GOVERNMENT REWARD SUCH AN "INEFFECTIVE" ATTORNEY, WHO LACKS CONFIDENCE AND EXPERIENCE, UNLESS HE LOST APPELLANT'S CASE JUST AS HE WAS ORDERED TO DO.

Neither the record of trial nor the appellate record provides a factual basis for these assertions. Even appellate defense counsel recognizes that there is no evidence to support the theory behind this issue. Final Brief at 12–13 n. 5. We have reviewed this issue and determined that it is without merit.