# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 JACOB M. LAFATA**
**United States Army, Appellant**

ARMY 20110124

Headquarters, 2nd Infantry Division
T. Mark Kulish, Military Judge
Colonel Jeffery D. Pederson, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Major Richard E. Gorini, JA; Captain A. Jason Nef, JA (on brief).

For Appellee:  Major Katherine S. Gowel, JA; Lieutenant Colonel John Lynch, JA (on brief).

15 November 2012

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of conspiracy to commit robbery, disobeying a superior commissioned officer (three specifications), violating a lawful general order (two specifications), flight from apprehension, resisting apprehension, robbery, and drunk and disorderly conduct, in violation of Articles 81, 90, 92, 95, 122 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 890, 892, 895, 922, 934 (2006).  The military judge sentenced appellant to confinement for seven months and a bad-conduct discharge.  The convening authority approved only so much of the sentence as provides for confinement for five months and a bad-conduct discharge.

On appeal, appellant raised a single assignment of error concerning the military judge's acceptance of his guilty plea to Charge I and its Specification (conspiracy to commit robbery) without questioning appellant about the defense of voluntary intoxication.  This assignment of error warrants discussion but no relief.

Although there is evidence in the record that appellant was intoxicated at the time he and his co-accused conspired to rob and then robbed another soldier, evidence of mere intoxication alone is not enough to raise an issue of voluntary intoxication. *United States v. Peterson*, 47 M.J. 231, 233–34 (C.A.A.F. 1997). The issue of voluntary intoxication as a defense to specific intent crimes is not triggered unless the evidence indicates that the level of intoxication was of such a severity that it rendered appellant incapable of forming the necessary intent for those crimes. *Id* at 234. In this case, the evidence in the record fails to establish that appellant was so intoxicated that he was incapable of forming the specific intent associated with robbery and conspiracy to commit robbery.[*]

Both the stipulation of fact and appellant's statements during the providence inquiry indicate appellant, although drinking before the incident, clearly remembered agreeing to a plan to rob an individual and taking part in the robbery by striking the victim in the stomach before another co-conspirator took the victim's wallet. The following exchange with the military judge illustrates appellant's awareness of the conspiracy and robbery to which he was a party:

> ACC: . . . In Tokori we went to Joy Club and in that club we drank more and we brought up the idea of robbing an individual we see, the first individual we see, and we left the club, we seen someone, and we initiated.
>
> MJ: Okay, and when you say "we" you are referring to who?
>
> ACC: Private [ME], [JD], and me, and [Private RSR].
>
> MJ: Okay, and was it in the bar in Tokori, I guess it would be the Club Joy bar, that you reached this agreement or was it as you were leaving?
>
> ACC: In the club, sir.
>
> MJ: Okay. At the time, what did you understand that to mean, robbing the first individual you saw?
>
> ACC: If one of us were to attack or go up to an individual and use force then I would go up or join in.
>
> . . . .

---

[*] Although not raised in his assignment of error, our analysis applies equally to the robbery charge of which appellant was convicted because it too is a specific intent crime. *United States v. Thomson*, 3 M.J. 271, 273 (C.M.A. 1977).

> MJ:  Okay, so at the time you understood it would not only be attacking somebody physically but taking money from them?
>
> ACC:  Yes, sir.
>
> MJ:  . . . Okay, so you all talked and had this agreement and then what happened after that?
>
> ACC:  We left the club, seen—we see Sergeant [PK], the victim, walking down the side street, and Private [JD] approaches, asks him for his cell phone to use to call, and when he gets about three or four feet from him, Sergeant [PK] takes out his phone and Private [JD] strikes him in the face.  And I proceeded with [Private RSR] and [Private ME] to assist him
>
> MJ:  Okay, and when you say you "proceed[ed] to assist him" what do you mean by that?
>
> ACC:  Rob—just rob and assault.
>
> MJ:  Okay, well after [Private JD] struck Sergeant [PK] what exactly did you do?
>
> ACC:  I ran up and I seen him getting taken to the ground.  I strike him once in the stomach area and from there I step back and I see others kicking him and then after that we just left.

From this clear recollection it is obvious that the appellant "knew what he was doing, and intended to do what he did." *United States v. Box*, 28 M.J. 584, 585 (A.C.M.R. 1989).  Moreover, appellant's additional recollection of his subsequent flight from military police officers (MPs) after the robbery bolsters the fact he was aware of what he was doing:

> ACC:  I—when I seen the MPs coming I ran into the woods.  I fell into a small ditch and stayed there.  I heard them calling out telling that they were MPs and I refused to get up.  And I was finally found.  And upon being found I still kept yelling, saying stuff, kept wal—I walked off without stopping, they told me to stop, stay were I was, but I kept going anyhow. . . .
>
> . . . .
>
> MJ:  Did you have any reason to think that the [MP] patrol vehicle was there because of Sergeant [PK]? . . .

3

ACC:  Yes, sir.

MJ:  Why?

ACC:  Because we just left the area where the incident happened with Sergeant [PK].

Therefore, there is not a substantial basis in law or fact to question the providence of appellant's plea.  *See United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008).

On consideration of the entire record, to include the issue raised by appellant, we are satisfied the findings are correct in law and fact and that the sentence is appropriate.  Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court