# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 JEREMY D. WAITE**
**United States Army, Appellant**

ARMY 20121015

Headquarters, United States Army Medical Department Center and School
Patricia H. Lewis, Military Judge
Colonel Jeffrey McKitrick, Staff Judge Advocate

For Appellant:  Major Richard E. Gorini, JA; Captain Matthew M. Jones, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Elisabeth A. Claus, JA; Major Alison L. Gregoire, JA (on brief).

19 December 2013

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of two specifications of absence without leave, eight specifications of failure to repair, four specifications of failure to obey a lawful order, and five specifications of wrongful use of controlled substances in violation of Articles 86, 92, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 912a (2006) [hereinafter UCMJ].  During the trial, the military judge sentenced appellant to a bad-conduct discharge and three months confinement, and ordered that appellant be credited with 88 days of pretrial confinement credit.  Immediately after adjourning the court-martial, the military judge called a post-trial Article 39(a),

UCMJ, session to correct the sentence. *The military judge stated that when announcing her three-month sentence to confinement, her intent was that appellant be sentenced to 90 days of confinement, which meant that with the 88 days of pretrial confinement credit, appellant would only serve 2 additional days of confinement. The convening authority approved the adjudged sentence and credited appellant with 88 days against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ. Appellant raises three assignments of error, only one of which merits discussion and relief.

## LAW AND DISCUSSION

In his second assignment of error, appellant alleges, *inter alia*, that Specification 10 of Charge I (failure to go at the time prescribed to his appointed place of duty at 1300 on or about 7 August 2012) is an unreasonable multiplication of charges for findings with Specification 2 of Charge I (absence from unit from on or about 7-9 August 2012). It is well established that a soldier cannot fail to report when the soldier is absent from his unit. *See generally United States v. Morris,* 18 M.J. 450 (C.M.A. 1984). *See also* R.C.M. 307(c)(4) discussion ("[A] person should not be charged with both failure to report for a routine scheduled duty, such as reveille, and with absence without leave if the failure to report occurred during the period for which the accused is charged with absence without leave.").

A guilty plea will be set aside if we find a substantial basis in law or fact to question the plea. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). The court applies this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Id.*; *see also* UCMJ art. 45; Rule for Courts-Martial 910(e). In this case, neither appellant's providence inquiry nor the stipulation of fact make clear whether the failure to repair at 1300 in Specification 10 of Charge I occurred prior to or during the absence from the unit beginning on 7 August 2012. We therefore find a substantial basis in law and fact to question appellant's plea of guilty to Specification 10 of Charge I.

---

* Rule for Courts-Martial [hereinafter R.C.M.] 1007(b), "Erroneous announcement," provides: "If the announced sentence is not the one actually determined by the court-martial, the error may be corrected by a new announcement made before the record of trial is authenticated and forwarded to the convening authority. This action shall not constitute reconsideration of the sentence. If the court-martial has been adjourned before the error is discovered, the military judge may call the court-martial into session to correct the announcement."

**CONCLUSION**

The finding of guilty of Specification 10 of Charge I is set aside and dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the military judge's correction of the adjudged sentence, the entire record of trial, and applying the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and the factors set forth in *United States v. Winckelmann*, ___ M.J.___, slip. op. at 12-13 (C.A.A.F. 18 Dec. 2013), the court affirms the adjudged sentence of a bad-conduct discharge and confinement for 90 days. All rights, privileges, and property of which appellant has been deprived by virtue of the finding of guilty set aside by the decision are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court