# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**BAILEY V. LAWSON**
**HOSPITALMAN (E-3), U.S. NAVY**

**NMCCA 201300294**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 2 April 2013.
**Military Judge:** LtCol Charles Hale, USMC.
**Convening Authority:** Commander, Walter Reed National Military Medical Center, Bethesda, MD.
**Staff Judge Advocate's Recommendation:** LT M.A. Dennison, JAGC, USN.
**For Appellant:** CAPT Ross L. Leuning, JAGC, USN; LT Jessica Fickey, JAGC, USN.
**For Appellee:** LT Ian MacLean, JAGC, USN.

**30 June 2014**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to her pleas, of one specification of fleeing apprehension and one specification of drunken operation of a motor vehicle, in violation of Articles 95 and 111, Uniform Code of Military Justice, 10 U.S.C. §§ 895 and 911. The military judge sentenced the appellant to receive

a letter of reprimand, reduction to pay grade E-1, 100 day's confinement, and a bad-conduct discharge. The convening authority (CA) disapproved the letter of reprimand, otherwise approved the sentence as adjudged, and ordered the sentence executed. As part of a pretrial agreement (PTA), the CA had agreed to disapprove the bad-conduct discharge and suspend all confinement in excess of time served. However, the appellant committed additional misconduct after trial which resulted in the CA's withdrawal from the PTA prior to taking action in the case.

The appellant raises three assignments of error:

1) That the military judge failed to adequately resolve the issue of the appellant's voluntary intoxication during the providence inquiry and that failure undermined the intent element of the fleeing apprehension charge;

2) That the appellant's trial defense counsel were ineffective by failing to challenge the seizure of the appellant's blood without a search authorization; and

3) That the trial defense counsel and military judge failed to properly rule out issues of mental capacity or mental responsibility pursuant to RULE FOR COURTS-MARTIAL 706, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).

After careful consideration of the record of trial and the pleadings of the parties, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

**Background**

While onboard Fort Belvoir, Virginia, the appellant consumed nearly 750 ml of vodka over a 90-minute time span both before and while driving her car. The appellant was pulled over at 0914 by base police for suspicion of driving under the influence of alcohol. Upon approaching her car, police officers observed the appellant's glassy, bloodshot eyes. When approached by another officer, the appellant drove away at high

speed, nearly hitting one of the police officers.  The appellant drove to Alexandria, Virginia with police in pursuit.  The appellant reached speeds of nearly 100 miles per hour during the chase, eventually losing control of her car in a residential neighborhood and crashing into a fence.  As officers approached, the appellant again attempted to drive away, but collided with the surrounding police cars.  The appellant had to be forcibly removed from her car.  After she was apprehended, police found a nearly empty vodka bottle inside the appellant's car.

The appellant was transferred to the Fort Belvoir police station at 0950. During transfer, she admitted to the officers that she had been drinking.  At the station, the appellant repeatedly refused a breath test.  The appellant was then taken to the Fort Belvoir hospital where her blood was drawn at 1130 hours.  Result of the blood test revealed a blood alcohol content of 0.37.

## Providence of the Pleas

The appellant asserts that the military judge erred in accepting her guilty plea because the facts suggested a defense of voluntary intoxication that was not resolved.  We disagree.

A guilty plea will be rejected on appeal only where the record of trial shows a substantial basis in law or fact for questioning the plea. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).  We review the military judge's decision to accept the a guilty plea for an abuse of discretion.  *Id.*  If "either during the plea inquiry or thereafter . . . circumstances raise a possible defense, a military judge has a duty to inquire further to resolve the apparent inconsistency." *United States v. Phillippe*, 63 M.J. 307, 310-11 (C.A.A.F. 2006).  This inquiry should include a concise explanation of the defense and "[o]nly after the military judge [makes] this inquiry can he then determine whether the apparent inconsistency or ambiguity has been resolved."  *Id*. at 310 (footnote omitted); *see also United States v. Pinero*, 60 M.J. 31, 34 (C.A.A.F. 2004).

Voluntary intoxication is not a defense, but may negate the specific intent required for some offenses.  *United States v. Peterson*, 47 M.J. 231, 233 (C.A.A.F. 1997); *see* R.C.M. 916(l)(2).  The appellant argues that flight from apprehension

3

is such an offense, in that one cannot "be said to be fleeing apprehension if they do not know someone is attempting to apprehend them." Appellant's Brief of 9 Oct 2013 at 9. While the court finds the appellant's argument colorable, we need not decide in this case whether flight from apprehension is a specific-intent offense because the facts indicate that the appellant was not, at the time of the offense, sufficiently impaired to call her guilty plea into question.

The potential issue of voluntary intoxication does not arise simply because the appellant was drinking or was even intoxicated. In order for voluntary intoxication to be at issue, "the intoxication must be to such a degree that the accused's mental faculties are so impaired that a specific intent cannot be formed." *United States v. Yandle*, 34 M.J. 890, 892 (N.M.C.M.R. 1992) (citing *United States v. Bright*, 20 M.J. 661 (N.M.C.M.R. 1985)). In ascertaining the effects of intoxication on an accused pleading guilty, courts give weight to an accused's words and actions, as recounted by both the accused and other witnesses. *See United States v. Lacy*, 27 C.M.R. 238, 240 (C.M.A. 1959); *United States v. Haynes*, 29 M.J. 610, 612 (A.C.M.R. 1989). "Frequently, as here, the conduct of an accused is sufficiently focused and directed so as to amply demonstrate a particular *mens rea* or other state of mind." *Peterson*, 47 M.J. at 234.

In the case at bar, the providence inquiry and stipulation of fact reveal that the appellant was intoxicated at the time of the offense. But the providence inquiry also revealed that she was able to pull her car over into a parking lot without incident when directed to do so by the police, that she spoke with one of the officers, and drove her car out of the parking lot at high speed only after she was approached by a second officer. The appellant then successfully drove off of Fort Belvoir, again at high speed, and made her way onto a local roadway. She then drove her vehicle for some distance at speeds near 100 mph, with three police vehicles in pursuit. These facts convince us that the alcohol had not so severely impaired her that she was unable to form the requisite intent to flee. Moreover, while the appellant may have limited recollections about the events in question, an inability to recall all of the events is not dispositive of whether she had the capacity to

4

form the specific intent at the time of the offense.  She told the military judge, "I just remember seeing lights in my rearview mirror, and I knew that I was being pulled over, and I chose not to stop."  Record at 44.  Accordingly, we find that the military judge did not abuse his discretion by accepting the appellant's guilty plea.

### Ineffective Assistance of Counsel

At the conclusion of the high speed chase, the appellant was taken to the Fort Belvoir police station.  Prosecution Exhibit 1 at 5.  There she twice refused to provide a breath sample.  As a result, she was taken to the local hospital and a blood test was taken.  Record at 43, 51-52; PE 1 at 5.  The appellant now contends that her trial defense counsel's failure to mount a 4th Amendment challenge to suppress the results of the blood test amounted to ineffective assistance of counsel. Appellant's Brief at 12.

We review ineffective assistance of counsel claims *de novo*. *United States v. Davis*, 60 M.J. 469, 473 (C.A.A.F. 2005).  We note that the appellant "must surmount a very high hurdle" for a successful claim of ineffective assistance of counsel.  *United States v. Smith*, 48 M.J. 136, 137 (C.A.A.F. 1998) (quoting *United States v. Moulton,* 47 M.J. 227, 229 (C.A.A.F. 1997)).  In order to prevail, the appellant must demonstrate that her counsel's performance "fell below an objective standard of reasonableness."  *United States v. Edmond*, 63 M.J. 343, 345 (C.A.A.F. 2006) (quoting *United States v. Davis*, 60 M.J. 469, 473 (C.A.A.F 2005)).  The appellant has the burden of demonstrating: (1) her counsel was deficient; and (2) she was prejudiced by such deficient performance.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Because this is a guilty plea case, the appellant must show not only that her counsel was deficient but also that "'there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Alves*, 53 M.J. 286, 289 (C.A.A.F. 2000) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The appellant's claim is premised on an assertion that the blood draw in question was taken without a proper search warrant.  Appellant's Brief at 12.  Nothing in the record

5

supports that assertion.  Rather, the record is silent on whether her blood was drawn with or without a search authorization.  Given that the appellant has the burden to prove deficient performance, failure to establish the factual basis for her claim.

Moreover, even if the blood draw was conducted without a warrant and trial defense counsel was deficient in not challenging the result, there is nothing in the record to suggest that the appellant would not have pleaded guilty.  The evidence against the appellant, even without a BAC level, was overwhelming: she admitted drinking, displayed highly erratic behavior, had bloodshot eyes, and had a nearly empty bottle of vodka in her car at the time of apprehension.  In light of these facts, we find no evidence of ineffective assistance of counsel.

## Mental Capacity and Responsibility

After careful consideration, we find the appellant's final assignment of error without merit.  *United States v. Matias*, 25 M.J. 356, 363 (C.M.A. 1987).

## Conclusion

The findings and the sentence as approved by the convening authority are affirmed.


For the Court



R.H. TROIDL
Clerk of Court

6