# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, K.M. MCDONALD, M.C. HOLIFIELD**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## JOACHIM L. LOPEZ
### LANCE CORPORAL (E-3), U.S. MARINE CORPS

### NMCCA 201300394
### SPECIAL COURT-MARTIAL

**Sentence Adjudged**: 9 July 2013.
**Military Judge**: LtCol Leon Francis, USMC.
**Convening Authority**: Commanding Officer, 7th Marine Regiment (Rear), 1st Marine Division, Marine Corps Air Ground Combat Center, Twentynine Palms, CA.
**Staff Judge Advocate's Recommendation**: LtCol D.P. Harvey, USMC.
**For Appellant**: CDR Suzanne Lachelier, JAGC, USN.
**For Appellee**: Maj Paul M. Ervasti, USMC; LCDR Keith B. Lofland, JAGC, USN.

**22 July 2014**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, in accordance with his pleas, of one specification of abusive sexual contact, and seven specifications of assault, in violation of Articles 120 and 128 of the Uniform Code of Military Justice, §§ 10 U.S.C. 920 and

928.  The military judge sentenced the appellant to reduction to pay grade E-1, 12 months' confinement, and a bad-conduct discharge.  The convening authority (CA) approved the sentence as adjudged and, except for the punitive discharge, ordered the sentence executed.  In accordance with the pretrial agreement (PTA), the CA suspended all confinement in excess of 180 days.

The appellant submits the following assignments of error: (1) that his guilty plea to abusive sexual contact was legally and factually insufficient; and (2) that there was an unreasonable multiplication of charges.  After careful consideration of the appellant's assignments of error, the record of trial, and the pleadings of the parties, we find partial merit in the second assignment of error, for a reason different than that advanced by the appellant, and will grant relief in our decretal paragraph.

After taking corrective action, we conclude that the findings and the reassessed sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant remains.  Arts. 59(a) and 66(c), UCMJ.

**Background**

On 3 November 2012, the appellant and his wife attended a birthday celebration for their neighbor, MM, at her home aboard Twentynine Palms, California.  MM and her husband lived in the house behind the appellant's home; MM and the appellant's wife had become friends while the appellant was deployed.

During the party the appellant drank heavily and became intoxicated.  Sometime thereafter, the appellant noticed another female guest, RR, leave the gathering in the garage and go into the main house.  The appellant followed RR into the house, and up the stairs.  While on the stairs the appellant grabbed RR's buttocks.  RR responded by slapping the appellant's hand away and told the appellant not to touch her.  After the incident the appellant returned to the gathering in the garage.

2

Later, the appellant noticed MM leaving the garage, whereupon he followed her into the house, up the stairs, and into a bedroom. Once there, the appellant grabbed MM's face with his hands and kissed her on the mouth. MM pushed the appellant off and told him to stop. "Immediately after" that, the appellant grabbed MM's face in order to kiss her again. Prosecution Exhibit 1 at 3. However, she pushed him away and told him to stop. MM then "immediately walked past [the appellant] to the door of the bedroom." *Id*. As she passed, the appellant grabbed her buttocks.

After MM exited the bedroom, the appellant followed her to the top of the stairs, whereupon he reached under her dress and touched her vaginal area through her clothing. MM again pushed the appellant away, and told him not to touch her.

Later that evening, the appellant noticed MM sitting in the garage close to the appellant's wife. The appellant then sat between them, placed his hand on MM's shoulder, and then slid his arm down so as to again touch MM's buttocks. When MM moved away from him, the appellant moved his arm so that he could rub MM's thigh with the back of his hand. This caused MM to get up and move away from the appellant.

As the appellant and his wife were leaving the party, MM hugged the appellant's wife goodbye. The appellant then stepped up to MM and also gave her a hug. While doing so the appellant reached down and grabbed MM's buttocks.

At trial, the appellant's explained to the military judge that due to his voluntary intoxication, he had little or no memory about the events that formed the basis of the charges against him. Nonetheless, based upon his limited memory, and his review of the NCIS investigation, which included statements from both RR and MM, he was convinced of his guilt. The appellant also told the military judge that his level of intoxication was not sufficient to cause him to lose control of his actions. More specifically, he said that he intended to commit the acts and that when he committed the Article 120 offense he had "the specific intent to arouse [his] own sexual desires." Record at 46-47.

Additional facts necessary to resolve the assigned errors are included herein.

## Providence of the Pleas

The appellant contends that the military judge erred in accepting his plea to abusive sexual contact, because he was intoxicated and did not have the specific intent to commit the crime.[1]  We disagree.

A guilty plea will be rejected on appeal only where the record of trial shows a substantial basis in law or fact for questioning the plea.  *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).  We review the military judge's decision to accept the appellant's plea of guilty for an abuse of discretion.  *Id.*  If "either during the plea inquiry or thereafter . . . circumstances raise a possible defense, a military judge has a duty to inquire further to resolve the apparent inconsistency."  *United States v. Phillippe*, 63 M.J. 307, 310-11 (C.A.A.F. 2006).  This inquiry should include a concise explanation of the defense and "[o]nly after the military judge [makes] this inquiry can he then determine whether the apparent inconsistency or ambiguity has been resolved."  *Id*. at 310; *United States v. Pinero*, 60 M.J. 31, 34 (C.A.A.F. 2004).

Voluntary intoxication is not a defense, but may negate the specific intent required for some offenses.  *United States v. Peterson*, 47 M.J. 231, 233 (C.A.A.F. 1997); *see* RULE FOR COURTS-MARTIAL 916(l)(2), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).  The potential issue of voluntary intoxication does not arise simply because the appellant was drinking or was even intoxicated.  In order for voluntary intoxication to be at issue, "the intoxication must be to such a degree that the

---

[1] The appellant phrased his first assignment of error as a question of legal and factual sufficiency.  However, "When an accused pleads guilty, there is no requirement that the government establish the factual predicate for the plea." *United States v. Ferguson*, 68 M.J. 431, 434 (C.A.A.F. 2010) (citation omitted).  "The factual predicate is sufficiently established if the factual circumstances as revealed by the accused himself objectively support that plea." *Id*. (citation and internal quotation marks omitted).  Accordingly, we review whether the military judge abused his discretion by accepting the appellant's guilty plea to abusive sexual contact.

4

accused's mental faculties are so impaired that a specific intent cannot be formed." *United States v. Yandle*, 34 M.J. 890, 892 (N.M.C.M.R. 1992) (citation omitted). In ascertaining the effects of intoxication on an appellant pleading guilty, courts give weight to an accused's words and actions, as recounted by both the appellant and other witnesses. *See United States v. Lacy*, 27 C.M.R. 238, 240 (C.M.A. 1959); *United States v. Haynes*, 29 M.J. 610, 612 (A.C.M.R. 1989). "Frequently, as here, the conduct of an accused is sufficiently focused and directed so as to amply demonstrate a particular *mens rea* or other state of mind." *Peterson*, 47 M.J. at 234 (citations omitted).

In this case, the providence inquiry reveals that the appellant was intoxicated at the time he touched MM's vaginal area, however both the providence inquiry and the stipulation of fact show that his conduct was very focused and clearly directed at satisfying his sexual desires. He had the presence of mind to realize that MM would be vulnerable to his advances when she left the group and went into the house alone. He had the coordination needed to follow her upstairs, enter the bedroom, and grab her face and kiss her on the mouth. When those advances were rejected he stayed focused on his desires by first grabbing her buttocks, and then following her to the stairs in order to commit the abusive sexual contact. Based on these facts, we find that the military judge did not abuse his discretion by accepting the appellant's guilty plea.

**Multiplicity**

The appellant next contends that Specifications 1-4 and 6-8 of Charge II[2] are an "unreasonable multiplication of charges" as they all arose in "one course of conduct." Appellant's Brief of 16 Dec 2013 at 39-40. In that Specification 1 of Charge II

---

[2] The appellant was found guilty of Charge II, Assault Consummated by a Battery, in violation of Article 128, UCMJ:

> Specification 1: Grabbing RR on the buttocks with his hand;
> Specification 2: Grabbing MM's face and kissing her;
> Specification 3: Grabbing MM's face with his hands;
> Specification 4: Grabbing MM's buttocks with his hand;
> Specification 6: Touching MM's buttocks with his hand;
> Specification 7: Touching MM's thigh with his hand;
> Specification 8: Grabbing MM's buttocks with his hand.

involves a different victim than the other specifications, we find that portion of the appellant's argument without merit. *See United States v. Parker*, 38 C.M.R. 343 (C.M.A. 1968).  We also find that Specifications 6, 7, and 8 were all based on distinct acts, separate in time from the other assaults. Accordingly, that portion of the appellant's argument is also without merit.  *See United States v. Flynn*, 28 M.J. 218, 220-21 (C.M.A. 1989) (holding that it was proper to charge multiple assaults when there was a lapse of time between the acts). However, we agree that the military judge erred by accepting the appellant's pleas to Specifications 2 through 4 of Charge II, in that all three specifications dealt with but one assault.

Whether a particular course-of-conduct involves one or more distinct offenses under a single statute depends on Congress' intent.  *Sanabria v. United States*, 437 U.S. 54, 70 (1978); *United States v. Neblock*, 45 M.J. 191, 197 (C.A.A.F. 1996). With respect to assault, our superior Court stated "when Congress enacted Article 128, it did not intend that, in a single altercation between two people, each blow might be separately charged as an assault."  *United States v. Morris*, 18 M.J. 450, 450 (C.M.A. 1984); *see also United States v. Mayberry*, 72 M.J. 467, 467068 (C.A.A.F. 2013) (summary disposition) (merging aggravated sexual assault specifications based on the same sexual act).  Accordingly, we conclude that multiple acts of unlawfully touching the same person in a single, uninterrupted altercation, united in time, circumstance, and impulse should not be the basis for multiple charges of assault. *Id.*

In this case, the Government stipulated, as fact, that the touching that formed the basis for Specification 3 (grabbing MM's face and kissing her) occurred "[i]mmediately after" the touching and kissing that formed the basis for Specification 2 (grabbing MM's face a second time).  PE 1 at 3.  Moreover, the Government also stipulated that the acts charged in Specification 4 (grabbing MM's buttocks as she walked away) occurred "immediately" after the acts charged in Specification 3.  *Id*.  Given these facts, we find that Specifications 2, 3, and 4 of Charge II are multiplicious.  *Morris*, 18 M.J. at 451.

6

We will provide relief in the form of consolidation and sentence reassessment in our decretal paragraph.

## Conclusion

Specifications 2, 3, and 4 under Charge II are hereby consolidated into a single Specification to read as follows:

Specification 2: In that Lance Corporal Joachim l. Lopez, U.S. Marine Corps, on active duty, did, at or near Marine Corps Air Ground Combat Center Twentynine Palms, CA, on or about 3 November 2012, unlawfully grab MM on the face with his hands and kiss her, unlawfully grab MM's face a second time, and unlawfully grab MM's buttocks with his hand.

With these modifications, we affirm the findings.[3] Based upon our action on the findings, we have reassessed the sentence under the principles contained in *United States v. Moffeit,* 63 M.J. 40 (C.A.A.F. 2006). Having done so, we conclude that the adjudged sentence for the remaining offenses would have been at least the same as that adjudged by the military judge and approved by the CA. Accordingly, we affirm the sentence as approved by the CA.

For the Court

R.H. TROIDL
Clerk of Court

---

[3] We need not dismiss those specifications which are incorporated into another specification. *United States v. Sorrell*, 23 M.J. 122 (C.M.A. 1986).